# Foote *v.* American Product Company.

*Negligence—Law of the road.*

By the law and the custom of the land, it is the duty of persons traveling in wagons or other vehicles, meeting each other on the public road to pass on the right-hand side of the road. This law or custom applies to, and is intended to regulate the duty and conduct of those traveling on the road as between themselves.

*Negligence—Law of the road—Act of April 23, 1889.*

The rights and duty of a bicycler and the driver of a wagon on the highways of the city are reciprocal. Each is required to obey the law of the road, and to conform to its requirements. Under the Act of April 23, 1889, P. L. 44, a bicycler has the same right and is subjected to the same restrictions in the use of his bicycle, as a person using a carriage drawn by a horse.

A boy twelve years old was riding a bicycle on the right hand of the street, at an ordinary rate of speed, and rang his bell as he approached a crossing. As he approached the crossing a one horse wagon was driven at a moderate rate of speed around the corner, in such a way, as to show that the driver intended to proceed along the street on the same side on which the bicycler was riding. The bicycler immediately began to check his speed by back-pedaling, and in thus attempting to prevent a collision, with the wagon, the right pedal of his bicycle struck the curb, and he was thrown to the left under the left rear wheel of the wagon. *Held,* (1) that it was not for the court to determine under the testimony whether the boy could have seen the wagon, in time to prevent the collision; (2) that it was not for the court to say as a matter of law, that the boy's effort to free himself from his danger was a negligent act, contributing to his injury; (3) that there was nothing in this case, to justify the application of the rule, that a light vehicle or bicycle must give way to a heavily laden wagon; (4) that.

the driver of the wagon in turning the corner abruptly, was taking the chance of a collision with other travelers, whose rights at that place were superior to his own; (5) that it was error for the court to give binding instructions for defendant.

*Negligence—Bicycles—Ordinance.*

In an action by a bicycler against the owner of a wagon, to recover damages for personal injuries suffered in a collision, where it appears that the bicycler conformed to the law of the road, and that the driver of the wagon did not, it is proper to admit in evidence, a city ordinance requiring all vehicles, including bicycles to keep to the right. While the ordinance in itself was not evidence of negligence, it may be considered, with other evidence, in ascertaining whether the defendant was guilty of negligence.

*Practice, C. P.—Appeals—Nonsuit.*

Where binding instructions are given to the jury, or where the court refuses to take off a compulsory nonsuit, the reasons for this action of the court should be at least briefly stated. This, very frequently, would prevent an appeal, by enabling the counsel to see the correctness of the court's position, and, if an appeal should be taken, it would aid very materially the appellate court, as well as counsel, in an intelligent review of the case. Per MESTREZAT, J.

Argued Jan. 23, 1900.   Appeal, No. 396, Jan. T., 1899, by plaintiffs, in suit of George Foote and Benjamin Foote, a minor, by his father and next friend George Foote v. American Product Company, from judgment of C. P. No. 4, Phila. Co., June T., 1898, No. 1013, on verdict for defendant. Before McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT, JJ. Reversed.

Trespass for personal injuries.   Before WILLSON, J.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for defendant.

*Error assigned* was in giving binding instructions for defendant.

*Richard C. Dale,* for appellants.—The plaintiffs' position is, that the question, whether the driver of defendant's cart was or was not guilty of negligence, was a matter which must be passed on by a jury, in the light of the common rules of the road, which the evidence disclosed the driver absolutely disregarded.

*Maurice W. Sloan,* for appellee.—The fact that the defendant was turning the southeast corner of Seventeenth and Spruce

streets is no evidence of negligence.   The law does not require a traveler to drive over any particular portion of a road.   The obligation is to turn to the right when met by others: Brooks v. Thomas, 42 Leg. Int. 120.

Where no duty exists at common law, our courts hold that an ordinance of council cannot create one: P. & R. R. Co. v. Ervin, 89 Pa. 71; P. & R. R. Co. v. Boyer, 97 Pa. 91; Buente v. Traction Co., 2 Pa. Superior Ct. 185; Taylor v. Union Traction Co., 184 Pa. 465.

OPINION BY MR. JUSTICE MESTREZAT, March 26, 1900:

The evidence on the part of the plaintiffs tended to establish the following facts: On the afternoon of September 1, 1897, Benjamin Foote, one of the plaintiffs, a boy of twelve years, was riding a bicycle on the east side of Seventeenth street, in the city of Philadelphia.   He had been on an errand for his mother, and came from Pine street and was going north towards Spruce street.   Edward H. Cloud, Esq., came out of DeLancey street, which is a short distance south of Spruce street, on a bicycle, and followed him on the east side of the street at a distance of fifty or seventy-five feet. As the boy neared the foot crossing at the corner of Seventeenth and Spruce streets, he met the garbage wagon of the defendant, and was struck by it, or was thrown by trying to save himself in dismounting, and fell with his left foot under the rear wheel of the wagon.   The wheel passed over his foot inflicting severe injuries.   The boy was riding at an ordinary rate of speed and rang his bell as he approached Spruce street.   The garbage wagon was a four-wheeled vehicle, drawn by one horse.   It came west on Spruce street and turned south at the southeast corner of Spruce and Seventeenth streets, " hugging the curb," and so close thereto that the boy could not pass between it and the curb.   The wagon made an angle of about forty-five degrees with the east curb line of Seventeenth street, and the horse was more nearly parallel with the street, the apparent intention of the driver being to proceed south along the east side of Seventeenth street.   At or near the street crossing the boy first saw the wagon which was then directly in front of him and he immediately began to check his speed by back-pedaling.   In thus attempting to prevent a

collision with the wagon and to dismount, the right pedal of his bicycle struck the curb and he was thrown to the left under the left rear wheel of the wagon. When the wagon turned into Seventeenth street, the horse was going at a moderate rate and was stopped a few feet from the place of the accident. When the boy first saw the wagon, the rear wheel was not clear of the Seventeenth street curb, but when it ran over his foot, it was about two feet from the curb.

An ordinance of the city of Philadelphia, approved February 2, 1897, provides that "all persons driving or riding upon the streets or highways of the city, whether on horseback, in carriages, wagons, or other vehicles, or upon bicycles, tricycles or other mechanical contrivances, shall at all times drive on the road upon the right side of the street or highway, and shall pass all vehicles traveling in the opposite direction by driving or riding to the right of such vehicle or pass all vehicles traveling in the same direction by driving or riding to the left of such vehicles."

At the conclusion of the plaintiffs' testimony, the court directed the jury to render a verdict for the defendant. No reasons were assigned for the action of the court and the record is equally silent as to the reason for the refusal of a new trial. Where binding instructions are given to the jury or where the court refuses to take off a compulsory nonsuit, the reasons for the action of the court should be at least briefly stated. This, very frequently, would prevent an appeal by enabling the counsel to see the correctness of the court's position, and, if an appeal should be taken, it would aid very materially the appellate court as well as counsel in an intelligent review of the case.

The action of the court in giving binding instructions to the jury to find for the defendant can only be sustained upon the ground that the evidence failed to disclose negligence on the part of the driver of the wagon, or that it established negligence on the part of the boy.

The rights and duties of the boy and the driver of the garbage wagon on the highways of the city were reciprocal. Each was required to obey the law of the road and to conform to its requirements. "By the law and the custom of the land, it is the duty of persons traveling in wagons or other vehicles meet-

ing each other on the public road, to pass on the right-hand side of the road. . . . This law or custom applies to, and is intended to regulate the duty and conduct of, those traveling on the road as between themselves : " Grier v. Sampson, 27 Pa. 188. The evidence in the case at bar did not justify the court in declaring as a matter of law that the boy was within the well recognized exception to the rule stated that a light vehicle or bicycle must give way to a heavily laden wagon. There was no apparent necessity here for the application of this exception to the rule. Under the act of April 23, 1889, the boy had the same right and was subjected to the same restrictions in the use of his bicycle as a person using a carriage drawn by a horse. That he was riding the bicycle, therefore, did not deprive him of the protection of the law of the road, but required the driver of the garbage wagon to accord to him the same privileges and rights in the street as though he were using a carriage.

In passing north along the east side of Seventeenth street the boy was where he had a right to be and where, if traveling on the street in that direction, the law of the road as well as the city ordinance required him to be. When the collision occurred the driver was turning his wagon around the southeast corner of Spruce and Seventeenth streets, and the plaintiffs claim that it was with the intention of going south on the east side of the street. When no one was approaching with a desire to pass him with a vehicle, the driver had the right to use any part of the street, not occupied by another, yet when he turned abruptly on Seventeenth street in the manner shown by the testimony, he was taking the chance of a collision with other travelers going north on that street, whose rights at that place were superior to his.

Whether the boy could have seen the wagon on the street in time to prevent the collision as claimed by the defendant, was not for the court to determine under the circumstances shown by the testimony. Nor was it for the court to say that his effort to free himself from his danger was a negligent act contributing to his injury. Even if he saw the wagon on Spruce street as he approached the corner, unless he could also see that it was too close to the curb to permit him to pass, he had a right to assume that the driver, if he did turn on Seventeenth street, would keep to the right so that he could pass between the wagon

and the curb.    This was the rule of the road, and he had a right to act on the expectation that the driver would observe it: Baker v. Fehr, 97 Pa. 70.    If acting on this assumption without any fault on his part, the boy was placed in a dangerous position by the negligence or carelessness of the driver, he will not be held to the same strict measure of care as under ordinary circumstances, in attempting to relieve himself from a perilous situation.

We are of opinion that the case should have been submitted to the jury with proper instructions as to the rights and duties of the parties at the time of the accident.    The facts developed by the plaintiffs' evidence did not warrant the court in saying as a matter of law that there was no negligence on the part of the defendant or that the boy's negligence contributed to his injuries.    The facts of the case and the inferences to be drawn therefrom were clearly for the jury.

The objection by the defendant to the city ordinance offered in evidence by the plaintiffs was not well taken.    While the ordinance in itself was not evidence of negligence, it may be considered with other evidence in ascertaining whether the defendant was guilty of negligence : Lederman v. Penna. R. Co., 165 Pa. 118.

The judgment is reversed and a venire facias de novo is awarded.