## Shaughnessy v. Consolidated Traction Company.

*Negligence—Street railways—Crossing tracks—" Stop, look and listen"—Sudden emergency.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, the question of the defendant's negligence, and the deceased's contributory negligence is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff tends to show that when the deceased, who was eighty-two years old, started to cross at a regular street crossing from the north to the south side of a street on which the defendant had double tracks, he was looking out for the cars; that at that point of time a west-bound car was one block

away, and an east-bound car was one and a half blocks away; that his attention was especially directed to the car nearer to him, the bell of which was ringing distinctly; that after crossing the first track and while between the tracks, or when about entering upon the east-bound one, he was struck by an east going car which approached rapidly without sounding its bell.

Argued May 10, 1901.   Appeal, No. 174, April T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny County, Nov. T., 1899, No. 630, on verdict for plaintiff in case of Margaret Shaughnessy v. The Consolidated Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before McCLUNG, J.

At the trial it appeared that plaintiff's husband, on October 25, 1898, was killed by a car of the defendant company at the crossing of Penn avenue and Twentieth street in the city of Pittsburg.   The deceased was a laborer and at the time of the accident was eighty-two years old.   The circumstances connected with his death are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edwin W. Smith*, with him *Knox & Reed*, for appellant, cited: Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 594; Callahan v. Phila. Traction Co., 184 Pa. 425; Buzby v. Phila. Traction Co., 126 Pa. 559; Carson v. Federal St., etc., Ry. Co., 147 Pa. 219; McGovern v. Union Traction Co., 192 Pa. 344; Meyer v. Pittsburg, etc., Traction Co., 189 Pa. 414.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited: Gibbons v. Wilkes-Barre, etc., St. Ry. Co., 155 Pa. 279; Kestner v. Pittsburg, etc., Traction Co., 158 Pa. 422; Lott v. Frankford & Southwick Pass. R. R. Co., 159 Pa. 471; Thatcher v. Central Traction Co., 166 Pa. 66; Smith v. Phila. Traction Co., 3 Pa. Superior Ct. 129; Callahan v. Phila. Traction Co., 184 Pa. 425.

OPINION BY ORLADY, J., July 24, 1901:

The verdict in this case establishes the fact that when the plaintiff's husband, eighty-two years old, started to cross from the north to the south side of Penn avenue, he was looking out for the cars. At that point of time, a west-bound car was one block away and an east-bound car was one and a half block away. His attention was especially directed to the car nearer to him, the bell of which was ringing distinctly. After crossing the first track and while between the tracks, or when about entering upon the east-bound one, he was struck by an east going car which approached rapidly without sounding its bell. The defendant contends that the deceased was guilty of contributory negligence in attempting to cross the track. The learned trial judge instructed the jury on that phase of the case as follows : " A party should look both ways when he is about to cross. This is his duty ; and the failure to exercise due care in that respect is negligence ; and he should also look after he crosses one track, and then act with prudence if he finds a car coming. We cannot say to you that it is negligence to cross a street because there is a car coming in sight, because at some points it would be scarcely possible to cross a street if you could not cross in front of a car, that is, a car in sight; but it is negligence to take chances, and to attempt to cross when the danger of being caught is obvious to a man of intelligence or to a man of ordinary intelligence." This excerpt from the charge of the court immediately precedes that part embraced in the second assignment of error, and, taken with it, represents the complete thought of the trial judge ; so taken, it is free from error.

The deceased attempted to cross Penn avenue at a regular street crossing and the testimony of Mrs. Milcarek made the case one for the jury. Her testimony was adopted by the jury as a truthful narrative of the unfortunate accident, and it fully sustained the plaintiff's claim that the defendant company was negligent and that the deceased was not guilty of contributory negligence. This eyewitness having seen the old man at the crossing and the two cars approaching from opposite directions, testified as follows : " I didn't expect any danger of that kind, for I thought the cars were both far enough that he might have passed ; I was not expecting any danger." The deceased was

bound under many decisions of the Supreme and this court to look for the approaching car, and to continue to look until the track was reached.   If the street was obstructed he was bound to stop, and he must be held to have seen that which was obvious.   He was bound to keep eyes and ears open for new dangers and to use reasonable care in avoiding them: Callahan v. Phila. Traction Co., 184 Pa. 425; McGovern v. Union Traction Co., 192 Pa. 344; Burke v. Union Traction Co., 198 Pa. 497; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332. Observance of these rules has been held, and rightly so, to be an absolute duty, and failure to observe them is negligence per se.   They are necessary to facilitate the speedy and safe carriage of passengers on the cars as well as for the protection of persons crossing the tracks on foot or in vehicles.   To hold that it is negligent to attempt to cross the track of an electric railway if an approaching car is within the distance given in this case would be practically to prevent the use of street crossings by persons traveling on foot during the hours when the streets are most occupied.

This accident occurred at a place where the deceased as well as the car of the defendant company had a right to be.   Each had the right, and it was the legal duty of each, to act with the belief that the other would exercise his right at the place in the manner and way his duty required him to do.   The witness, Mrs. Milcarek, in full view of the old man's surroundings, did not consider that it was at all perilous to cross when he entered upon the west-bound track.   It is a matter of daily observance that crossing of street railway tracks under similar conditions is not exceptional or dangerous.   If he was not negligent in entering upon the nearer track—and there is sufficient evidence to justify that finding of fact by the jury—and if after being rightfully upon the first or between the two tracks he became confused by reason of his sudden peril, and did not act with that deliberate judgment which other persons might have exercised, it was still for the jury to decide whether the accident occurred without any contributory negligence on the part of the plaintiff, as stated by the court below, " under all the circumstances, taking into account all the other matters, including the fact that there was a car coming from the other direction."

If a man has got himself, without negligence, into a position of danger, he is not responsible if he makes a mistake of judgment in getting out: Penna. R. R. Co. v. Werner, 89 Pa. 59 ; Baker v. North East Borough, 151 Pa. 234. One who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, fails to act in the most judicious manner, is not chargeable with negligence: Brown v. French, 104 Pa. 604; Hookey v. Oakdale Boro., 5 Pa. Superior Ct. 404; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573. Such an act is not to be judged by the rules which are applicable ordinarily to acts done in cool blood, with time and opportunity for the party to consider the consequences and the methods of the act he is about to commit: Donahue v. Kelly, 181 Pa. 93. As stated by the Supreme Court in Bard v. Phila. & Reading Railway Co., 199 Pa. 94, " Judge HARE well expresses this view in Hagan v. Phila. & Trenton Railroad Co., 5 Phila. 179. He says, conceding it to be true, as the defendants contend, that he must have discovered his danger in time to have stood still until the locomotive had passed, it may yet, with equal plausibility, be urged, that the reason why he did not do this was that the imminence of the approaching peril bewildered his mind, and rendered him incapable of judging where to turn for safety. No one has intimated that he meant to commit suicide, and we must therefore suppose that he was surprised by his fate, instead of wilfully courting it. . . . In this view of the case his death was caused, not by his own negligence, but by a want of the quickness or presence of mind necessary to estimate and avoid the peril in which he was placed by the high rate of speed of the defendants' train."

The plaintiff's witness testified as follows: " Q. What did the old man do when he reached Penn avenue? A. He just started to cross when he heard the bell on the car coming in from East End. Q. Then he did look towards that car? A. Yes, sir. Q. What did he do then? A. He started across because I judge he was trying to get out of the road. Q. Out of the way of the one coming into town ? A. Yes, sir. Q. At that time where was the car that was coming from town, the one that was coming out? A. Before I noticed the one coming into the city, I saw the other one first, for I was looking that

way, and when I noticed her there, it was between Eighteenth and Nineteenth streets (a block and a half distant) that I noticed her, and then I looked towards where the other one was coming from. Q. That was when the old gentleman started to cross, was it? A. No, he was on his way when I saw the car the third door from the corner. He was between the two tracks." She further testified that the car that struck the deceased was running very fast and did not ring a bell. A witness for the defendant testified that he noticed the old man when the car was thirty feet distant from the place of the accident and that he tried to notify the motorman to stop the car. There was sufficient evidence adduced by the plaintiff to show the defendant's negligence. In order to justify the court in treating the question of contributory negligence as one of law, not only the facts but the inferences to be drawn must be free from doubt. If there is a doubt as to either, the case must go to the jury: Muckinhaupt v. Erie Railroad Co., 196 Pa. 213; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595.

The assignments of error are overruled and the judgment is affirmed.