# Henson, Appellant, v. Arthur.

*Negligence—Contributory negligence—Walking into side of wagon —Nonsuit.*

Where the driver of a wagon has a clear street and an unobstructed view, he cannot be charged with negligence in approaching a crossing of a side street at an ordinary trot with a horse under such control that he can be stopped within six or eight feet.

In an action against the owner of a wagon to recover damages for personal injuries, a judgment of nonsuit is properly entered, where the only conclusion possible from the testimony is that the plaintiff walked against the side of the defendant's wagon when the driver's attention was directed to the travel in front of him on a cross street.

Argued Jan. 25, 1907. Appeal, No. 275, Jan. T., 1906, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1906, No. 473, refusing to take off nonsuit in case of Wilmer Y. Henson and LeRoi Henson, by his father and next friend, Wilmer Y. Henson, v. Joseph W. Arthur, trading as Arthur Milk Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

The opinion of the Supreme Court states the facts of the case.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Meredith Hanna,* for appellants.—The evidence of negligence on the part of the defendant's employee was fully sufficient to go to the jury: Foote v. American Product Co., 195 Pa. 190; Simmons v. Penna. R. R. Co., 199 Pa. 232; Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147.

The court erred in deciding as a matter of law that plaintiff was guilty of contributory negligence: Kelly v. Traction Co., 204 Pa. 623; Strawbridge v. Bradford, 128 Pa. 200.

*George L. Crawford,* of *Crawford & Loughlin,* for appellee. —There was no negligence in the driver, as the plaintiff ran from behind the car after the driver and his horse and half of the wagon had passed the plaintiff, and the driver, properly looking ahead, of course did not see him until he struck the step: Hoffman v. Transit Co., 214 Pa. 87; Keller v. P. & R. R. R. Co., 214 Pa. 82; Wiszginda v. Traction Co., 212 Pa. 360; Moss v. Traction Co., 180 Pa. 389; Funk v. Traction Co., 175 Pa. 559; Fleischman v. R. R. Co., 174 Pa. 510.

As to the fact that the wagon was upon the west side of the street going north, there was no negligence: Elliott v. Allegheny County Light Co., 204 Pa. 568; Willis v. Armstrong County, 183 Pa. 184; Gaughan v. Phila., 119 Pa. 503; Shaffer v. Roesch, 215 Pa. 287.

OPINION BY MR. JUSTICE FELL, February 25, 1907:

The plaintiff, a boy thirteen years and six months old, was injured under these circumstances. With a companion of his own age he was walking west on the south side of Columbia avenue. When he reached the east side of Seventeenth street, a car was standing at the crossing. He waited on the sidewalk until it started south, and then walked across Seventeenth

street to the west side of the car track, where he was struck by the side step of the defendant's wagon.  The wagon was a milk wagon with side doors and steps between the front and hind wheels, which projected slightly beyond the line of the wheels.  It was moving north on the west side of the street, between the car track and the west curb.  The speed of the horse was described by one of the plaintiff's witnesses in his examination in chief as a " fast trot," and on his cross-examination as an " ordinary trot," and by another of his witnesses as " just a trot."  The wagon was stopped within six or eight feet of the point of collision.  The car was twenty-five feet from the crossing when the boy passed behind it, and there was nothing on the street to obstruct his view or that of the driver.

It is contended that there was negligence on the part of the driver in approaching a crossing at undue speed and in driving on the left side of the street.  There would be force in these contentions if the plaintiff had been on the crossing in front of the horse, but as he was in a position of safety when the horse and front wheels of the wagon passed in front of him, there is none.  With a clear street and an unobstructed view, it cannot be said to be negligent to approach a crossing at an ordinary trot with a horse under such control that he can be stopped within six or eight feet.  The driver was on the left side of the street because that was the only side open to him.  He had stopped on that side near the middle of the block to deliver milk, a wagon was standing farther north on the opposite side between the curb and the car track, and until the car was met and passed he had no opportunity to cross over.  He was lawfully where he was and the " rule of the road " had no application except as between him and other drivers whose rights to that side of the street were superior to his; with them he took the chance of collision : Foote *v.* American Product Co., 195 Pa. 190.

The only conclusion possible from the testimony is that the plaintiff walked against the side of the defendant's wagon when the driver's attention was directed to the travel in front of him on the cross street.  The judgment of nonsuit is affirmed.