## SANDY et ux. v. SWIFT & CO.

### (Circuit Court, E. D. Pennsylvania. February 7, 1908.)

### No. 30.

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—NEGLIGENCE—SUDDEN PERIL.

Where defendant's servant, driving a heavy meat wagon, turned suddenly from one street into another in front of a lady as she was crossing the street, and she fell and was injured in an attempt to extricate herself from such sudden and unexpected peril arising from the servant's negligent driving, defendant was liable for the injury, though she was not struck by the horses or wagon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1226, 1227.]

2. SAME—FRIGHT.

Where defendant's servant turned a team suddenly into a street in front of a lady, so close that she could feel the horses' breath, and she fell and was injured in endeavoring to escape, the servant's negligence, and not the lady's fright, was the direct cause of the injury; the fright being produced as the natural result of the servant's negligence.

At Law. Motion for judgment non obstante veredicto.

Reilly, Hodge, Scott & Hare, for plaintiffs.

H. S. Sparhawk, for defendant.

HOLLAND, District Judge. Mrs. Sandy, a married woman, was injured by a fall alleged to be caused by the negligent action of the defendant's driver in suddenly turning off Germantown avenue west on Duval street in the city of Philadelphia. Suit was instituted both by herself and her husband, and under the Pennsylvania practice both actions were tried together, and a verdict rendered in favor of the plaintiffs. After both sides had closed the defendant requested binding instructions in its favor, which were refused by the court. Under the Pennsylvania act of 1905 (P. L. 286), which provides that, whenever a point requesting binding instructions has been declined, the party presenting it may move the court for judgment non obstante veredicto upon the whole record. Accordingly this motion was duly filed by the defendant.

The principal reason set up by the defendant why judgment should be rendered in its favor notwithstanding the verdict is that under the evidence no negligence was shown on the part of the defendant's driver but that Mrs. Sandy became frightened at the commonplace and ordinary circumstance of a team passing along the street, and fell and caused the injury of which she complained, and that fright and its results are not elements of damages in Pennsylvania. The defendant's driver, James Mattern, was driving a heavy meat wagon for the defendant company, and on this morning, February 18, 1907, at about 9:15 a. m., he was going north on Germantown avenue, on the left-hand side of that street, and about the time he arrived at Duval street Mrs. Sandy and her husband were crossing over from the north to the south side of Duval street on the west side of Germantown avenue, as they had a right to do. When they arrived at about two-thirds of the way across Duval street the defendant's team, according to her story, was "turned quickly off Germantown Road right up Duval street," and "loomed up in front of her"—"she could feel their breath." Mr. Sandy testified that the team "swung around the corner" into Duval street "so swiftly" and "so quickly" that if he "had not switched back—turned back—the end of the pole would have caught him"; that neither the horses nor wagon struck Mrs. Sandy but that she fell in endeavoring to extricate herself from the impending danger.

This testimony, if true, which was a question for the jury, would show that Mrs. Sandy was injured in an attempt to extricate herself from a sudden and unexpected peril, which arose from the defendant's negligent action, and for which it is liable. This evidence, if believed, establishes that Mr. and Mrs. Sandy had a right to be where they were at the time and to cross the street as they did, and had a right to assume that the driver would continue north on Germantown avenue, or at least had a right to expect him not to turn so suddenly as to put them in danger of personal injury. If the driver swung around on Duval street in such a way as to suddenly place the plaintiffs in danger, causing fright, and under the excitement of the fright, in attempting to extricate herself, she fell and was injured, the defendant would be liable. Foot v. American Produce Co., 195 Pa. 190, 45 Atl. 934, 49 L. R. A. 764, 78 Am. St. Rep. 806; Shaughnessy v. Consolidated Traction Co., 17 Pa. Super. Ct. 588. The reckless.

driving was the cause of the fall.  It may be she could have extricated herself from the danger into which the alleged sudden turn of the driver placed her without injury if she had not been under the exciting influence of fright; but if it be true the driver did turn, as stated, he put plaintiffs in danger, and he was the cause of the fright, which, of course, increased the danger, and rendered the plaintiff Mrs. Sandy less able to act with deliberation and judgment in her attempt to avoid it.

If Mrs. Sandy fell in a sudden effort to get away from a danger negligently thrust upon her by defendant by suddenly turning a team around a corner, as stated, so close she could feel the horses' breath, the negligent act would be the direct cause of the fall and injury, and that this situation would cause fright is to be expected; but as the expected and natural result was produced, and the plaintiff became frightened, it is no reason why the defendant should be relieved from liability, as urged by the defendant's counsel, upon the authority of Ewing v. P. & S. Railroad Co., 147 Pa. 44, 23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709, Linn v. Dequesne Borough, 204 Pa. 551, 54 Atl. 341, 93 Am. St. Rep. 800, and Huston v. Freemansburg Borough, 212 Pa. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49, wherein it is held that, in an action of trespass to recover damages for injury sustained by the negligent act of another, there can be no recovery of damages from fright or other merely mental suffering, unconnected with physical injury, because in the case at bar there was a physical injury of a very severe kind.  Mrs. Sandy fractured both wrists when she fell.

Motion for judgment non obstante veredicto is overruled.