### West v. The Atlantic Refining Company et al.

*Edwin D. Strite* and *Edwin D. Strite, Jr.*, for plaintiff.

*John McD. Sharpe*, for original defendant.

*Wingerd & Long*, for additional defendant.

WINGERD, P. J., February 9, 1948.—This is an action in trespass brought by Winfield A. West against the Atlantic Refining Company for damages done to a truck owned by him, which he had leased to the Price Battery Corporation and which was driven by an employe of that corporation, in a collision between it and a truck of the Atlantic Refining Company. The Atlantic Refining Company, original defendant, brought in the Price Battery Corporation as an additional defendant, alleging in its complaint that the Price Battery Corporation was solely liable for the damages to the truck of plaintiff. In the course of the trial, additional defendant defended on the ground that at the time plaintiff leased his truck to it, an agreement was entered into, whereby plaintiff agreed not to hold the Price Battery Corporation responsible for any damage to the truck, whether by the negligence of the driver or not, so long as the driver was 21 years of age and properly licensed. There was no contention concerning this matter and plaintiff, in the course of the suit, disclaimed, by reason of the agreement entered into at the time he leased his truck to it, any right to recover against additional defendant. Original defendant contended, in accordance with its complaint, that addi-

tional defendant was solely liable and further, that, as plaintiff had agreed not to hold additional defendant liable for any damages to his truck, by negligence or otherwise, if original defendant and additional defendant were found to be joint tortfeasors, then plaintiff could not recover against original defendant, as the release of one of several tortfeasors releases all. The case was tried by both sides on the theory that the agreement precluding plaintiff from recovering against additional defendant was sufficient to prevent recovery by plaintiff against original defendant, if it were shown that original defendant and additional defendant were joint tortfeasors. As the case was tried on this theory, without objection or exception by any of the parties, we will assume that the agreement made between plaintiff and additional defendant in this case, whereby plaintiff exonerated additional defendant from any liability for damages occurring to his truck while it was on lease by him to it, was sufficient, if original defendant and additional defendant were found to be joint tortfeasors, to prevent any recovery by plaintiff.

The court charged the jury: "If you find that the accident was caused, not by the Atlantic Refining Company alone, not by the Price Battery Corporation alone, but by the negligence of the Price Battery Corporation and the Atlantic Refining Company acting together concurrently and jointly, then you cannot find a verdict against the Atlantic Refining Company because the other joint defendant has been released, so we reach this state of affairs so far as the proper verdicts are concerned, and I am stating this to you at this time so that you may bear it in mind as I review the evidence in the case. If you find that the damage to Mr. West's truck was caused solely by the negligence of the Atlantic Refining Company, that is, its driver,

then you will find a verdict for plaintiff in such sum as you feel is proper under further instructions given you by the court, and against the Atlantic Refining Company, and in the same verdict, you will find for additional defendant. If you find that additional defendant, Price Battery Corporation, was entirely and solely responsible for damages to Mr. West's truck, or that the negligence of the Atlantic Refining Company and the Price Battery Corporation, together, acting concurrently and jointly, caused the damage, then you will find, in either of those circumstances, you will find a verdict for additional defendant and for defendant.", and further charged the jury that the burden was upon plaintiff to show by the preponderance of the evidence that its damage was caused by the negligence of original defendant and that the burden was on original defendant to show by the preponderance of the evidence that plaintiff's damage was caused solely by the negligence of additional defendant, or by the joint negligence of original defendant and additional defendant.

At the conclusion of the charge, original defendant excepted to the portion of the charge of the court concerning the burden of proof in the following manner:

"By Mr. Sharpe:

"Original defendant excepts to that portion of the charge in which the court charged the jury that the burden was upon original defendant to establish by the preponderance of the evidence negligence on the part of additional defendant, Price Battery Corporation, in view of the fact that there is a release in this case unto additional defendant by plaintiff. The burden is upon plaintiff to establish by the preponderance of the evidence that there was no negligence on the part of additional defendant because where there is such a release, plaintiff must show by the preponderance of the evidence that the damage was not caused by any negligence of the other tortfeasor, whom plaintiff does not sue in the case."

It will be noticed that the exception taken and called to the court's attention at the conclusion of its charge is an exception to the court placing any burden of proof upon original defendant on the ground that the burden was on plaintiff to prove that there was no negligence on the part of additional defendant because there is a release. In other words, the contention of original defendant is that the burden was upon plaintiff to show that original defendant's negligence caused its damages and that they were not caused by any negligence, either joint or sole, on the part of additional defendant and that there was no burden upon original defendant at all.

Now let us analyze the situation which was brought about by original defendant bringing in additional defendant on the ground that it was solely liable and additional defendant defending on the ground that it had an agreement with plaintiff, whereby it was not to be responsible for damage to plaintiff's truck and the fact that plaintiff disclaimed, because of such agreement, all right to recover against additional defendant. When original defendant brought in additional defendant on the ground that additional defendant was solely liable to plaintiff, it did not put itself in a position to have additional defendant's liability to contribution determined or to recover against additional defendant. By bringing in additional defendant and alleging only that additional defendant was solely liable to plaintiff, it made additional defendant only subject to the potential right of plaintiff to recover against additional defendant. It follows that when it was shown that plaintiff had no right to recover against additional defendant, either as a sole tortfeasor or as one of the two joint tortfeasors, and plaintiff disclaimed all right to recover against additional defendant, there was really no reason for additional defendant to be continued as a party to the proceeding. Plaintiff had disclaimed his right to recover against addi-

tional defendant and original defendant had no right to recover against it, or to have its liability for contribution to original defendant determined: Goodrich-Amram, sec. 2255 (c) -2, pp. 62-65. Although additional defendant continued as a party to the suit in name, the suit was in the same situation as if additional defendant had never been brought in. Original defendant had two affirmative defenses: One, that additional defendant was solely liable, and the other, that additional defendant was jointly liable with it for, as plaintiff had released or precluded itself from recovering against additional defendant, there could be no recovery against it, original defendant, as a joint tortfeasor with additional defendant. Neither of these defenses, so far as plaintiff was concerned, had to be pleaded and if original defendant was successful in showing either one, there could be no recovery against it by plaintiff. It is certainly clear that a defendant asserting an affirmative defense has the burden of proving it by the preponderance of the evidence: Henry's Pa. Trial Evidence, 3rd Ed., sec. 420, p. 638. Defendant in the instant case had the burden of proving its affirmative defenses. The fact that an additional defendant had been brought in did not change the burden of proof: Goodrich-Amram, sec. 2255 (d) -6, pp. 68-69; Petro v. Birtley, 32 Luzerne 461. In Petro v. Birtley, supra, which was decided under prior practice but nevertheless is pertinent, it is stated on page 463:

"If a defendant contends that the additional defendant whom he has brought upon the record is solely liable to the plaintiff the burden is upon the defendant to establish that fact, the establishment of which necessarily requires him to show himself blameless. This is entirely apart from the burden resting upon the plaintiff in the issue between the plaintiff and the defendant or between plaintiff and the additional defendant if plaintiff should decide to avail himself of

the presence of the additional defendant in the litigation and assert liability against him. But merely because the original defendant contends the additional defendant is solely liable to the plaintiff does not require the plaintiff to join in that contention nor does it affect his burden as against the original defendant."

Plaintiff had the burden of sustaining its contention, namely, that its damages were caused by the negligence of original defendant. There was no further burden upon plaintiff for plaintiff could not recover against additional defendant, either as solely liable or jointly liable with original defendant, nor could it recover against original defendant if original defendant was jointly liable with additional defendant, or additional defendant was solely liable. When original defendant brought in additional defendant only on the ground that it was *solely* liable to the plaintiff, it really pleaded an affirmative defense and by reason of its right under Pa. R. C. P. 2252 (*a*), it brought in additional defendant so it would be before the court and jury and recovery could be had against it by plaintiff in the same proceeding, if such right existed or no disclaimer was made of such right by plaintiff, but it could gain no more than that by bringing in additional defendant. It had its affirmative defenses, to wit, that additional defendant was solely liable, or jointly liable, for the damages suffered by plaintiff. It had no right of recovery against additional defendant and no right to have additional defendant's right of contribution to it determined, if such existed.

Original defendant states in its brief as follows: "While it is true that in the ordinary case involving an additional defendant, the burden rests upon original defendant to show liability on the part of additional defendant, yet in the present case, due to the peculiar circumstances, we feel that this burden was upon plaintiff and remained there through the case". In other words, original defendant admits that the bur-

den to prove sole or joint liability on the part of additional defendant ordinarily rests on original defendant but contends that in the instant case, by reason of the fact that plaintiff could not recover against additional defendant by reason of the agreement, hereinbefore referred to, this burden did not rest on original defendant but the burden rested on plaintiff to show that the damage to it was not caused by any negligence of additional defendant. It cites as authority for this contention the cases of Smith v. Roydhouse, Arey & Co., 244 Pa. 474, 478-479, 90 Atl. 919, 920-921, and Peterson v. Wiggins, 230 Pa. 631, 634, 79 Atl. 767, 768. These cases do not support the contention of original defendant. These were cases in which plaintiff sued one defendant and that defendant offered in evidence a release executed by plaintiff to a third party, releasing such third party from all claims which plaintiff had against it for damages by reason of the same occurrence which was involved in the then suit by plaintiff against defendant. The court held in these cases that, even though the burden was upon defendant to show that the person released was a joint tortfeasor with it, in order to have the release preclude plaintiff from recovery against defendant, the production of the release itself, involving the same occurrence as that on which plaintiff claimed defendant liable to it, was sufficient to meet the burden placed on defendant and shifted to plaintiff the obligation to rebut such proof and show that the person released was not liable to plaintiff by reason of the occurrence which was the same, both in the release and in the suit. In the instant case, the agreement of additional defendant with plaintiff, which might be termed an anticipatory release, did not refer to the occurrence involved in the suit of plaintiff against original defendant. There was nothing in it which could be interpreted as meaning that plaintiff made any claims against additional defendant or asserted any liability of the additional defendant to

it by reason of the occurrence involved in the instant suit. It was made before the happening of the occurrence involved and could in no way be evidence that plaintiff asserted that additional defendant was liable to it in any way, that is, solely or jointly, with original defendant, for the damages caused by the occurrence in question. It had nothing of the effect of the releases involved in the two cases referred to. In the case of Smith v. Roydhouse, Arey & Co., 244 Pa. 474, supra, Justice Stewart, referring to the case of Peterson v. Wiggins, 230 Pa. 631, supra, in which case it was shown that plaintiff had brought an action against a third party, Shoemaker & Co., based on the same cause of action on which the suit against Wiggins was based and had settled that suit for a money consideration, stated (p. 478):

"On the trial of the case the following admission was entered on the record, 'I will admit that the plaintiff in this case, in addition to the present suit, brought a suit against Shoemaker & Company, and that Mr. Wiley, representing Shoemaker & Company, paid him $500 for an order to discontinue, settle and end the suit of Mathilda Peterson against Lewis G. Shoemaker, Court of Common Pleas No. 5, December Term, 1913, No. 719.' This was followed by an offer of the record in the case referred to, *which showed that a suit was for the same cause of action exactly*. We held the record of the case against Shoemaker & Company, considered in connection with the admission entered upon the record, *established a prima facie case, and that the burden then shifted to the plaintiff to show*, if she could, that notwithstanding the admission on record, the defendant's negligence alone occasioned the injury. We repeat, that case is a close parallel to this, quite too close to admit of legal distinction. The only difference between them is, that there an earlier suit had been brought against another to *recover for the identical cause of action*. Here the suit against the other had only been

threatened, but was threatened for the *same cause as that for which the earlier had been brought*. The result in each was exactly the same; in that case the party bought exemption from liability after being sued, while in this the party bought exemption before being sued. The act that operated as a bar to the subsequent action was not the bringing of the earlier suit, *but the settlement and extinguishment of the cause of action by receiving money from one charged with the negligence which occasioned the injury for which compensation was claimed*. If the evidence in the case referred to established a prima facie case on this collateral issue, no less certainly did the paper signed by the plaintiff and introduced in this case, releasing the subcontractors from liability *for the same injury as that for which he subsequently brought suit against the defendant*, together with the admission of record. There being nothing in rebuttal the sufficiency of the evidence was for the court. The case calls for no further discussion." (Italics supplied.)

This is a far cry from the present situation as the present occurrence could not have been in contemplation of the parties when they entered into the general agreement by which plaintiff agreed not to hold additional defendant liable for any damages to the truck. On the other hand, the statement of the Supreme Court, above referred to, shows plainly that the burden is upon defendant, when it denies liability because of a release of another, to prove that the other person released and it were joint tortfeasors. In the recent case of Koller v. Pa. R. R. Co., 351 Pa. 60, 40 A.(2d) 89, the Supreme Court held that in a negligence case for personal injuries, even a release given by plaintiff to another than defendant, for a substantial consideration, releasing the other from liability for the very occurrence and damages involved in the suit, was not prima facie evidence that the one released and defendant were joint tortfeasors. There was nothing in the

present case which the court could hold as a matter of law met the burden of proof cast on original defendant to show the liability of additional defendant, that is, which made out a prima facie case against additional defendant of sole liability or joint liability with original defendant and cast the obligation on plaintiff to come forward with evidence to rebut it by showing that there was no liability on the part of the person released, therefore, the burden was on original defendant to show that additional defendant was either solely or jointly liable with it and it was a question for the jury to determine whether such burden had been met from all the evidence in the case. No burden was placed on plaintiff in the instant case other than the one which it assumed when it filed its original complaint, that is, to show that the negligence of original defendant caused the damages suffered by it in the occurrence set forth in its complaint. We cannot see that the court committed error in the portion of its charge, referring to the burden of proof to be borne by the parties.

The second reason for a new trial is an exception to the following portion of the court's charge:

". . . At the outset I want to say to you that mere violation of a rule or regulation is not negligence in itself. It is evidence of negligence but even then it is not necessarily negligence for which recovery can be had unless that violation of the rule of law or rule of the road was the proximate cause of the injury or was such an element in creating the injury that without it, that violation, the injury would not have occurred. I say that to you because in this case there is evidence that the wheels of Price Battery Corporation truck were over the center of the highway. McCleary says that there were marks of wheels over the center of the highway although he did not see the wheels of Price Battery Corporation truck over the center. The mere fact that his wheels were over the center some distance from the actual collision—they said, as I understand,

they curved across the center—does not in itself make the driver guilty of any such negligence as would make him responsible or his employer responsible for the ensuing damage, unless you find that that damage could not have been caused unless he had gotten over that distance from the collision, if you find he did get over the center. You must decide who is telling the truth. He says he was not over the center of the highway at all. In the same manner, no doubt some of you noticed that Mr. McCleary, in stating how he made the turn, said that he went straight out and didn't make any short turn and you know that under the law in Pennsylvania, the duty is that when you enter a street from an intersecting street, to make a left turn, the law says you should turn to the left of the center of the intersection and that the center of the intersection is the intersection of the medial lines of the two streets. You should turn to the left of the center as close to the left of the center as you can, unless there is a definite lane, or a special lane, and this does not exist at the intersection of Garfield and Main Streets in Chambersburg, there being no evidence that this is not an ordinary intersection of two streets in the Borough of Chambersburg. The mere fact, if you find that he didn't make that left hand turn exactly according to law, does not, in itself, make him negligent unless making the turn in the manner he did, was such an act, without which the accident would not have happened or that it was the proximate cause of the accident. You will have to consider those two matters in that light."

The original defendant's contention in support of this exception is stated by it as follows:

"Our contention in regard to this is that the court should have made no reference whatever in the court's charge to the provisions of The Vehicle Code relating to the making of left turns and the effect that this might have in a determination of the case. We say this because we feel it was not proper at all to permit the

jury to pass upon this question since there was no evidence that any failure of the company's driver to make the left turn, as provided by The Vehicle Code, was the cause of the accident."

The testimony was not transcribed as original defendant specifically requested that only the court's charge be transcribed. The testimony was that both of the movements referred to by the court were made immediately prior to the actual collision, if made at all. Either, if found to have been made, might have been considered by the jury a cause of the collision and as such was properly commented upon by the court. If original defendant's contention is true that the method in which its truck made the left-hand turn had nothing to do with the collision, it was not hurt by the court's instructions for the court clearly told the jury if it was not the proximate cause of the collision, it could not be the basis for recovery. However, the court did make a misstatement of the law of Pennsylvania when it stated that violations of The Vehicle Code were merely evidence of negligence and not negligence per se. Both of the violations involved are prohibited in mandatory words by The Vehicle Code and under the authority of Jinks et al. v. Currie, 324 Pa. 532, 537-538, 188 Atl. 356, 358, such violations are negligence per se. This misstatement by the court was not corrected by counsel for any of the parties although the court, at the conclusion of its charge, gave an opportunity to counsel to do so and certain matters were brought to the court's attention and certain matters excepted to at that time by original defendant. No exception was taken to the above-quoted portion of the court's charge at the time of trial and the objection now made to it, under the general exception to the court's charge, is not based in any way upon the misstatement of the law above referred to. The matter was not raised or even spoken of, either in the oral argument or in the brief filed by original defendant.

The distinction between a violation of a mandatory provision of a penal statute, being evidence of negligence, that is, per se evidence of negligence or evidence of negligence as a matter of law, and being negligence per se, when qualified by the instruction that it must have been the proximate cause of the occurrence which caused plaintiff's damage, to be actionable negligence, is rather elusive. If the jury finds the violation occurred and that it was the proximate cause of plaintiff's damage, then if such violation is negligence per se, the jury is bound to find for plaintiff, unless plaintiff was guilty of contributory negligence. If the jury finds the violation occurred and that it was the proximate cause of plaintiff's damage, then if such violation is evidence of negligence: Hayes et ux. v. Schomaker, 302 Pa. 72, 77, 152 Atl. 827, 829; the jury having clearly before it that the proximate cause was an act which was evidence of negligence, should find for plaintiff, unless plaintiff is guilty of contributory negligence. We recognize the distinction between "negligence per se" and "evidence of negligence". In the former, the jury is bound to consider the violation negligence. In the latter, it is not so bound. Stating that a violation of a mandatory provision of a statute is evidence of negligence is entirely different than the rule which has been applied in the case of the violation of municipal ordinances where the main question was the admissibility of the ordinance in a negligence case and the courts held: "While the ordinance in itself was not evidence of negligence, it may be considered with other evidence in ascertaining whether the defendant was guilty of negligence: Lederman v. Pennsylvania R. Co., 165 Pa. 118": Foote v. American Product Company, 195 Pa. 190, 195, 45 Atl. 934, 936, and "While such ordinance is not per se evidence of negligence it may be considered in connection with the evidence in the case: Foote v. American Product Company, 195 Pa. 190; Lederman et ux. v. Pennsylvania R. R.,

165 Pa. 118": Bell v. Jacobs, 261 Pa. 204, 208, 104 Atl. 587, 588. The Superior Court as late as Weimer et ux. v. Westmoreland Water Co., 127 Pa. Superior Ct. 201, 208, citing among other authorities Jinks v. Currie, 324 Pa. 532, supra, said, "In Pennsylvania, a violation of a *statute* or ordinance is evidence of negligence: . . . " (Italics supplied.) The distinction between the violation of a mandatory prohibition of a statute being evidence of negligence, that is, per se evidence of negligence and being negligence per se, is rather narrow.

It seems to us that although the court in its charge did not use the correct language and made an erroneous statement, the effect of the charge was to such a degree the same as if the correct statement had been used that no harm was done original defendant. With these matters in mind and the fact that no question was raised by any party to the proceeding concerning the court's incorrect statement, it does not seem incumbent upon the court to grant a new trial on its own motion.

Now, February 9, 1948, original defendant's motion for a new trial is refused and judgment shall be entered for plaintiff on the verdict, upon payment of the jury fee.