# Florence Connor *v.* The Electric Traction Company, Appellant.

*Negligence—Street railways—Ordinance.*

Failure to comply with the provisions of an ordinance giving street cars running north and south a right of way over street cars running east and west is merely evidence of negligence, and not negligence per se.

*Negligence—Charge of court—Concurrent negligence.*

A charge of the court is not open to the objection that it fails to explain to the jury the rules respecting concurrent negligence, where the judge says: "Before anybody can recover in cases of this character, you must be satisfied from the evidence that the injury was caused by the negligence of the defendant, and that the conduct of the plaintiff did not contribute to the injury. If to use the ordinary expression, both sides were at fault, you cannot give a verdict for the plaintiff. You must be satisfied, as I say, that it was the negligence of the defendant which was not contributed to by the action of the plaintiff."

*Negligence—Measure of damages—Charge of court.*

In an action by a widow to recover damages for the death of her husband, the charge is not open to the objection that it fails to lay down any proper measure of damages, where the trial judge after referring to the fact that at common law personal actions died with the person, and the change effected therein by statute said "the widow now has a right to bring suit for the pecuniary loss;" and in the same connection referring to the amount said "it ought to be a reasonable compensation;" and then proceeded to pointedly caution the jury in regard to the danger as well as the impropriety of rendering an excessive verdict.

*Practice, C. P.—Request for instructions—Charge of court.*

In a negligence case where the court has given instructions adequate in themselves as to concurrent negligence and the measure of damages, it is the duty of the defendant, if he desires more specific instructions, to present to the court points embodying the instructions desired.

Argued Jan. 17, 1896. Appeal, No. 163, July T., 1895, by defendant from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1894, No. 766, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass for damages for causing death of plaintiff's husband. Before Biddle, J.

At the trial it appeared that Patrick Connor, plaintiff's hus-

band, was killed on April 3, 1895, by a collision between a car which he was driving on Filbert street and a trolley car of the defendant, at the intersection of Eleventh and Filbert streets in the city of Philadelphia. Filbert street is a street extending east and west, and although it is an intermediate street between Market street and Arch street, it has on it a railway operated by the Philadelphia Traction Company. As recently as the date of the accident the cars were still moved by horse power. Eleventh street extends north and south, and contains a railway operated by the trolley system of electricity. The railway on each street is a single track.

On the question of the cause of the collision the following ordinance of the city of Philadelphia, approved March 1, 1870, and printed in the ordinances for that year, page 83, was read in evidence :—

" An ordinance " to prevent accidents from collision of passenger railway cars at the intersection of streets.

" SECTION 1. That hereafter passenger railway cars in crossing at the intersections of streets, the cars running north and south shall have the right of way, and it shall be unlawful for any driver of a car running east or west to cross a passenger railway track until after the car running north or south shall have passed, if the said last-mentioned car shall be within forty feet of the crossing of said roads : Provided, That all passenger railway tracks running along streets cutting diagonally shall be considered as running east and west for the purposes of this ordinance, and any person violating the provisions of this ordinance shall suffer and pay a fine of ten dollars for each offense for the use of the city, to be recovered before any alderman as fines are now by law recoverable."

The court charged as follows :

This case, as you have heard, is a suit by Mrs. Connor to recover damages for the death of her husband, which she contends was brought about by the negligence of the defendant. Therefore in all these cases the question of negligence is the predominating question. Before anybody can recover in cases of this character, you must be satisfied from the evidence that the injury was caused by the negligence of the defendant, and that the conduct of the plaintiff did not contribute to the negligence. If, to use the ordinary expression, " both sides were at

fault," you cannot give a verdict for the plaintiff. You must be satisfied, as I say, that it was the negligence of the defendant which was not contributed to by the actions of the plaintiff.

Now of course there is no doubt that this collision took place. There is no denial that that has not been fairly stated and was the fact. [The defendant contends, however, in the first place, that, according to the ordinance of 1870, the defendant's car had the right of way if it was within forty feet of the crossing of the tracks at Eleventh and Filbert streets when the car, of which John Connor was the driver, came to that crossing, and that the motorman of defendant's car under such circumstances had a right to assume that Connor would comply with the directions of the ordinance and to act on that assumption until he .saw, or with reasonable diligence ought to have seen, that Connor was actually proceeding in disregard of those directions.

Well, that is so, but the answer of the plaintiff to that is that in order to claim the right of way, as I have read to you, he must be within forty feet of the crossing, and the plaintiff contends that the evidence shows here that he was beyond forty feet—that he was fifty feet from the crossing, and that therefore this evidence does not apply to his case. In the second place, he answers it by saying that it was the custom of these companies, and it was the order of this particular company, that the car should stop before it crossed the street, and not, as formerly, after it crossed the street. So that he contends that they had a right to suppose that even if it was approaching this street he would stop, and therefore that would give additional time for him to cross the street. The plaintiff also contends that he was running at an unusual rate of speed—a rate of speed in excess of what was allowed by the city ordinance—and therefore he had put himself in a position of inability to stop or to hold the car under such control as to prevent his running into this car.

Those are the main points in the case, and they have been elaborated upon by the gentlemen who have addressed you, and it will be for you to decide, after considering the case, whether you think any negligence has been established.] [1] Negligence has been very well defined to be the absence of proper care under the circumstances of the case, and it is for you to

consider all those points and say, under the circumstances, whether you believe the defendant has been guilty of that negligence and whether you believe it has not been contributed to by the plaintiff.

[If you should consider that the defendant was in default in this case, then of course you would have to consider the question of compensation.] [5] As has been stated to you by both counsel, originally there was no right of action to a survivor in a case of this character. A person who was injured had a right to damages for pain and suffering and anguish which he had gone through. The legislature, however, have changed the old common law, and the representative, the widow, now has a right to bring a suit for the pecuniary loss which she has sustained. Now, of course, in all these cases nobody pretends that these companies act maliciously—do this on purpose. They operate entirely through their agents, and if their agents are negligent they are undoubtedly obliged to suffer for it just as an individual would be. Just as a man driving your carriage, if he negligently ran into some one else, you would be responsible for what he did, because he was your servant and your agent and performing the duty for which you had employed him. Therefore, it ought to be a reasonable compensation.

All these actions are necessarily painful to the feelings— painful to all of us—and when we have very eloquent counsel to address you, why, of course, your feelings very naturally are very much excited, and you feel disposed to give much more, perhaps, than in your cooler moments you would undertake to give; and for that very reason you have been selected by the community to act under oath here, and to do your duty according to the evidence, and not to allow your feelings to affect you—not to say, " Well, I have not got to pay it, and I can afford to be liberal." Sometimes juries do that and give very extravagant verdicts, which are of no use because the court has to consider them in cold blood, and if they think the defendant has been improperly mulcted in damages, they simply set aside the verdict, and the case has to be tried over again.

I am sure you gentlemen will treat this subject as men of business ought to do, and not allow your feelings to be excited or to do what is not right.

Defendant's points were as follows:

2. If Connor drove his car across Eleventh street when, under the terms of the city ordinance, defendant's car had the right of way, he took the chance of injury, and his breach of duty will bar a recovery in this case. *Answer:* Refused. [7]

3. Under the evidence the verdict should be for defendant. *Answer:* Refused. [8]

4. If the jury find that Connor was not thrown from his car by the collision, but was subsequently dragged from the car by his horses, the injury is not the proximate result of the collision, and the verdict should be for defendant. *Answer:* Refused. [9]

Verdict and judgment for plaintiff for $5,000.

*Errors assigned* were (1, 5, 7–9,) above instructions, quoting them. (3) In stating the plaintiff's several propositions to the jury above set forth in the first assignment of error in such manner that the jury might readily understand that said propositions, or some of them, were in accordance with the opinion of the court and that they were instructed that said propositions, or some of them, were correct. (4) In failing to charge and instruct the jury in such manner as to explain to them the rules respecting concurrent negligence. (6) In failing to lay down to the jury the proper measure of damages in the law. (10) In entering judgment for plaintiff on the verdict, which verdict was not supported by the evidence, as shown by the official notes of the stenographer, duly certified by the trial judge.

*J. Howard Gendell*, for appellant.—It must be conceded at the outset that both are street cars which are confined to their respective tracks; both are of a quasi public nature and for the accommodation of the public. It follows that the decision relating to the rights and duties of drivers of private vehicles when crossing car tracks are not entirely in point. Those decisions closely assimilate the law in these cases to the law governing the crossing of steam railroads: Buzby v. Traction Co., 126 Pa. 559; Thomas v. Passenger Ry. Co., 132 Pa. 504; Warner v. Ry., 141 Pa. 615; Carson v. Ry., 147 Pa. 219; Ehrisman v. Ry. Co., 150 Pa. 180; Wheelahan v. Ry. Co., 150 Pa. 187; Winter v. Ry. Co., 153 Pa. 26; Omslaer v. Traction Co., 168 Pa. 519.

It is, indeed, argued that a city ordinance is not a law, and that while it may be considered by the jury as one element in the question of negligence, it is only an element, and the breach is not negligence per se: Lederman v. Penna. R. R., 165 Pa. 118, is cited for this. There is, however, a substantial distinction between the ordinance in that case and in this. There it related to the question of speed.

To charge defendant with the consequences of the negligence of a servant, those consequences must be the direct, proximate, and natural result of the negligence act, such as the wrongdoer could foresee; they may not be remote or consequential: Ry. Co. v. Taylor, 104 Pa. 306; R. R. v. Kerr, 62 Pa. 353; Hoag v. R. R., 85 Pa. 293; West Mahanoy v. Watson, 112 Pa. 574; Ry. Co. v. Trich, 117 Pa. 390.

This court has frequently reversed for submitting the entire question of the damages to the jury: Penna. R. R. v. Ogier, 35 Pa. 60; R. R. v. Books, 57 Pa. 339; R. R. v. Kelly, 31 Pa. 372; P. & R. R. v. Adams, 89 Pa. 31; Tietz v. Traction Co., 169 Pa. 516.

*James M. Beck, William F. Harrity* with him, for appellee. —The order of testimony rests in the sound discretion of the lower court: Com. v. Weber, 167 Pa. 153; Com. v. Bell, 166 Pa. 405.

The fact that evidence admissible in chief, though cumulative, was received in rebuttal, is not assignable for error: Finlay v. Stewart, 56 Pa. 183; Brown v. Finney, 67 Pa. 214.

The fourth assignment of error is clearly a misstatement, and most unjust to the trial judge. He was unusually careful to instruct the jury as to the effect of contributory negligence.

The verdict will only be disturbed in clear cases when it is so great as to appear at first blush to be outrageous: Whipple v. Mfg. Co., 2 Story, 661; Pittsb. Ry. Co. v. Sponier, 85 Ind. 165; Ohio & Miss. Ry. Co. v. Judy, 120 Ind. 397; Wanderlich v. Mayor, 33 Fed. 854; Coleman v. Southwick, 9 Johns. 45.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 17, 1896:

It is evident from an examination of the testimony in this case that it involved questions of fact which were exclusively for the determination of the jury. They were fairly submitted

to them by the learned trial judge with adequate and substantially correct instructions ; and, by necessary implication their verdict in favor of the plaintiff establishes the controlling facts upon which she relied, viz : that the negligence of defendant company's motorman was the proximate cause of her husband's death, and that he was not guilty of any negligence which contributed thereto.

The only requests for instruction were the four presented by the defendant, the first of which was affirmed, and the others were rightly refused. In affirming the first the jury were instructed, in the language thereof, thus : " According to the city ordinance, approved March 1, 1870, defendant's car had the right of way if it was within forty feet of the crossing of the tracks at Eleventh and Filbert streets when the car, of which John Connor was the driver, came to that crossing. The motorman of defendant's car, under such circumstances, had a right to assume that Connor would comply with the ordinance, and to act on that assumption until he saw, or with reasonable diligence ought to have seen that Connor was actually proceeding in disregard of those instructions." In view of this instruction, the verdict impliedly exonerates plaintiff's husband, John Connor, from the charge of having, in violation of the ordinance, encroached on the right of way to which it was claimed defendant company's car was entitled at the time of the collision. This subject is also referred to in the second, third and seventh specifications of error. In substance, the defendant's contention is that the ordinance as to right of way is conclusive of the question of negligence ; but that position is untenable. Failure to comply with the provisions of such an ordinance is not necessarily negligence per se ; it is merely evidence of negligence : Lederman v. Pennsylvania Railroad Co., 165 Pa. 118, and cases there cited.

Considered in connection with other parts of the charge, there is no error in the excerpts therefrom recited in the second, and generally complained of in the third specification ; nor is there any error in the instruction quoted in the fifth specification. Neither of these requires any further notice.

The fourth specification, alleging error " in failing to charge and instruct the jury in such manner as to explain to them the rules respecting concurrent negligence," is unwarranted as well

as unfair to the learned trial judge. On the subject referred to, he instructed the jury thus : " In all these, cases, the question of negligence is the predominating question. Before anybody can recover in cases of this character, you must be satisfied from the evidence that the injury was caused by the negligence of the defendant, and that the conduct of the plaintiff did not contribute to the injury. If, to use the ordinary expression, ' both sides were at fault,' you cannot give a verdict for the plaintiff. You must be satisfied, as I say, that it was the negligence of the defendant which was not contributed to by the action of the plaintiff." No jury of average intelligence, so instructed, could fail to understand that if any negligence of plaintiff's husband contributed to his injury, there could be no recovery.

The sixth specification,—charging error " in failing to lay down to the jury any proper measure of damages in the law "— is not sustained by the record. After referring to the fact that, at common law, personal actions died with the person, and to the change effected therein by statutory enactment in this state, the learned trial judge said : " the widow now has a right to bring suit for the pecuniary loss." In the same connection, referring to the amount, etc., he said, " it ought to be a reasonable compensation ; " and then he proceeded to pointedly caution the jury in regard to the danger, as well as the impropriety, of rendering an excessive verdict. It does not appear that there was any difference of opinion between counsel themselves, or between them and the court in relation to the proper measure of damages in such cases as this ; nor is there any reason why there should have been any difference of opinion on the subject. The testimony introduced by the plaintiff, on the subject of damages, was directed exclusively to the pecuniary loss sustained by the plaintiff in consequence of the untimely death of her husband. It was not only strictly relevant, but it was quite sufficient to warrant the amount named in the verdict. It is not questioned that all that was said by the learned judge, in relation to the measure of damages, was strictly correct, but it is urged that he did not say enough ; that he should have elaborated the statutory measure of damages, etc. A sufficient answer to that, as well as the alleged failure of the court to explain " the rules respecting concurrent negligence," hereto-

fore considered, is that instructions on these subjects were not asked. It was the defendant's right to request instructions on any pertinent subject; but, while, as we have seen, requests for charge on other matters were submitted, it was not deemed of sufficient importance to present any on the subject of contributory negligence, or the proper measure of damages. In the circumstances disclosed by this record, the propriety of complaining, that the court did not say to the jury something that it was not requested to say, is at least questionable.

There is nothing in any of the specifications that requires further discussion. Neither of them is sustained.

Judgment affirmed.