## Ubelmann v. American Ice Company, Appellant.

*Negligence—Municipal ordinances—Elevators.*

Proof of the violation of an ordinance regulating or relating to conduct alleged to have been negligent is not in itself conclusive proof of the negligence charged. The ordinance and its violation are matters of evidence, to be considered with all other evidence in the case. But this rule is limited to cases in which the ordinance relates to the alleged negligent act under investigation.

Ordinances and their violation are admissible, not as substantive and sufficient proof of the negligence of the defendant, but as evidence of municipal expression of opinion, on a matter as to which the municipal authorities had acted, that the defendant was negligent and are to be taken into consideration with all the other facts in the case.

In an action to recover damages for personal injuries sustained by an alleged defect in an elevator, the specific act of negligence charged in the statement of claim was that the fall of the elevator was due to the breaking of a brake or shifter, which was alleged to be out of order. The court admitted under objection and exception a city ordinance which made it the duty of the owner or operator of an elevator after its inspection, to procure from the inspector a certificate that it is in condition to be operated, and to expose the certificate to public view as near as possible to the elevator car. The court also admitted another ordinance which provided that whenever any elevator should be in need of repairs in respect to its operation, or necessitating its temporary disuse, or any accident should occur affecting life or limb, notice should be given to the proper authorities, and the elevator should not again be put in use until inspected and approved by the inspector. There was no testimony, however, that, before the day on which the plaintiff was injured, there was any duty on the defendant company to notify the chief of the bureau of building inspection of the impairment or disuse of the elevator, due to the defective shifting rod, or of any accident occurring in it that required the suspension of its operation until an inspection was made and its condition had been approved by the inspector. *Held,* that the ordinances had no relation to the specific act of negligence charged, that their admission tended to confuse and mislead the jury, and that a verdict and judgment for plaintiff should be reversed.

Argued Jan. 19, 1904. Appeal, No. 186, Jan. T., 1903, by

defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1902, No. 2888, on verdict for plaintiff in case of Charles W. Ubelmann v. American Ice Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $9,375, upon which judgment was entered for $6,000, all above that sum having been remitted.

*Errors assigned* among others were (1, 2) admission in evidence of the city ordinances of April 6, 1900, and April 10, 1894.

*William W. Porter* and *Edwin Jaquett Sellers*, for appellant.— By plaintiff's statement of claim it appears that the sole act of negligence charged against the defendant as the cause of the plaintiff's injury, was that the " break or shifter " of the elevator " became and was out of order." The statement does not allege that the plaintiff was injured because of the violation of any ordinance. The issue was thus narrow. The rule is that an ordinance and its violation may be shown by proof, not as proving negligence, but only in connection with other evidence which proves negligence.

In the case before the court the issue was narrowed to the condition of the " break or shifter." It was on this question that the case went to the jury. The ordinance relating generally to the inspection of elevators, the use of certain appliances, etc., had no direct bearing upon the single allegation of the plaintiff that an improper " break or shifter " was used.

*Fred. Taylor Pusey* and *C. J. Hepburn*, for appellee.—The proof of the violation of the provisions of these ordinances, while not establishing negligence per se on the part of the defendant, was some evidence of negligence, which might be considered with the other evidence of negligence submitted : Herron v. Pittsburg, 204 Pa. 509 ; Foote v. American Product Co., 195 Pa. 190 ; Lederman v. Penna. R. R. Co., 165 Pa. 118.

OPINION BY MR. JUSTICE BROWN, June 15, 1904:

If the two ordinances of the city of Philadelphia relating to the inspection of elevators had not been introduced by the plaintiff under defendant's objection, and the verdict had been in his favor, judgment for him on it would have to be affirmed. In all other respects the case was properly tried and submitted to the jury. The third, fourth, fifth and seventh assignments of error are dismissed.

The fall of the elevator was alleged to be due to the break-ing of a brake or shifter, the use of which is the distinct and specific act of negligence charged by the plaintiff as responsi-ble for the falling of the elevator and the resultant injuries to him. In his charge to the jury the learned trial judge, with the pleadings and proofs before him, very properly said: "What-ever the condition of that elevator may have been, the plain-tiff has narrowed your ground of inquiry by indicating what he alleges to have been the negligence of the defendant in this case, and that is, in employing upon this elevator a defective shifting rod for starting and stopping it. It is alleged upon the testimony of this elevator man and the inspector, who gave you their opinion to that effect, that this bar was too light and not strong enough to perform the work or stand the strain re-quired by a bar of that character, and this theory is, that the accident was occasioned by reason of this bar being too light to stand the strain, and that it ultimately gave out at a criti-cal moment when it should have worked."

When negligence is charged it must be proved. Proof of the violation of an ordinance regulating or relating to conduct alleged to have been negligent is not in itself conclusive proof of the negligence charged. The ordinance and its violation are matters of evidence, to be considered with all other evi-dence in the case: Lane v. Atlantic Works, 111 Mass. 136. But this rule is limited to cases in which the ordinance relates to the alleged negligent act under investigation. Here, as stated, it was the use of an alleged defective shifting rod in the elevator. Ordinances and their violation are admissible, not as substantive and sufficient proof of the negligence of the defendant, but as evidence of municipal expression of opinion, on a matter as to which the municipal authorities had acted, that the defendant was negligent, and are to be taken

into consideration with all the other facts in the case. Illustrations of this are found in several of our later cases. In Lederman v. Pennsylvania Railroad Co., 165 Pa. 118, one of the questions was the undue rate of speed at which the defendant company was running its cars through the city of Lancaster, and we held that the ordinance in relation to the speed of railway trains within the city limits had been properly admitted. An ordinance of the city of Philadelphia requires all vehicles, including bicycles, to keep to the right, and, in Foote v. American Product Co., 195 Pa. 190, where the rider of the bicycle had conformed to this ordinance, and the driver of the wagon that ran into him had not, we said, through our Brother MESTREZAT : " While the ordinance in itself was not evidence of negligence, it may be considered with other evidence in ascertaining whether the defendant was guilty of negligence." When the suit is against the municipality itself, and it is charged with negligence, due to the dereliction of its employees, their violation or disregard of its own regulations and ordinances relating to the matter under investigation are proof of such dereliction, though not necessarily of the specific negligence charged, which, as in all other cases, must be proved by proper and satisfactory evidence. The dereliction of the municipal employees is to be taken into consideration with the other facts in the case, upon proof of which the plaintiff relies to sustain his allegation of negligence. An illustration of this is Herron v. The City of Pittsburg, 204 Pa. 509, which was an action against the city to recover damages for personal injuries sustained by a boy from contact with a live, naked telephone wire used in the police service of the city, and it appeared that the break in the wire was known to the police officials within an hour after it had occurred, and that it was also known to them to be in close proximity to other wires, some of which carried strong and dangerous currents of electricity. We regarded as proper the admission of the ordinance of the city and the rules of the police department relating to the inspection and use of the city wires.

The ordinance of April 10, 1894, provides for the inspection of elevators by inspectors duly appointed by the city of Philadelphia, and makes it the duty of the owner or operator of an elevator, after its inspection, to procure from the inspector a

certificate that it is in condition to be operated, and to expose the certificate to public view as near as possible to the elevator car. This ordinance does not make it the duty of one owning or operating an elevator to demand an inspection, and it is only after the inspector has inspected that he must procure and expose the certificate. But, even if there had been an inspection here, and the defendant company had not procured and exposed the proper certificate, its failure to do so is not the negligence charged against it that resulted in plaintiff's injury, and the ordinance clearly had no proper place in his evidence.

The later ordinance of April 6, 1900, is also one for the inspection of elevators. Its title is " An ordinance to provide for the inspection of passenger and freight elevators and to make an appropriation therefor." There is nothing in it pertinent to plaintiff's cause of action as set forth in his statement and proved on the trial. It is true, by the third clause of section 4, it is provided that " whenever any elevator shall be in need of repairs, in any respect pertaining to the operation of the same, or any of the apparatus or machinery connected with an elevator shall become impaired, necessitating the temporary disuse of the elevator, or any accident shall occur in an elevator or elevator shaftway affecting life or limb, it shall be necessary for the owner, lessee or agent of the building in which the said elevator is located, or other person under whose control and management the said elevator is operated, to notify the chief of the bureau of building inspection, of such impairment, disuse or accident, and shall not again put the said elevator in operation until an inspection has been made and the condition of the elevator approved by the inspector ; " but there is no testimony that, before the day on which the plaintiff was injured, there was any duty on the defendant company to notify the chief of the bureau of building inspection of the impairment or disuse of the elevator, due to the defective shifting rod, or of any accident occurring in it that required the suspension of its operation until an inspection was made and its condition had been approved by the inspector. As to the specific act of negligence charged against the company, there is absolutely no proof that it had been called upon to do anything required by this ordinance.

The only effect of the introduction of these ordinances was to confuse and mislead the jury. Though there was no viola-

tion of them, so far as they related to the specific act of negligence charged, zealous counsel may have led the jury to believe that there was, and to the undiscriminating mind such a conclusion was more than possible. Even if there had been a violation of other sections of the ordinance of 1900 than the clause quoted, such violation would have had no relevancy to the issue the jury were trying.

Judgment reversed and a venire facias de novo awarded.