# Fane, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Passenger—Right angle collision—Evidence—City ordinances—Rules of company—Fire engines.*

1. Where an injury has been caused by the omission of a duty imposed by an ordinance relating to the act complained of, the failure to comply with the ordinance may be ground for an inference of negligence, and the ordinance itself is admissible, but merely as evidence of negligence.

2. In an action against a street railway company to recover damages for personal injuries received by a passenger in a car which was struck in a right angle collision at intersecting street crossings by a fire engine, a city ordinance giving fire engines the right of way on street railway tracks is properly excluded as not pertinent to the issue.

3. In such a case it is not reversible error for the court to exclude a rule of the company requiring cars to stop while fire engines are

passing and a municipal ordinance requiring cars to stop at the near side of main streets, where the charge of the court places as high a degree of care on the motorman, as that imposed by the rule and ordinance and there is nothing in the evidence to show that failure to observe either was the proximate cause of the accident.

Argued Jan. 20, 1910. Appeal, No. 221, Jan. T., 1909, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 1,324, on verdict for defendant in the case of Isabella Fane, by her father and next friend, James H. Fane, and James H. Fane, v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover for personal injuries. Before BRÉGY, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant.

*Errors assigned* were in sustaining defendant's objections to the admission of evidence as to the ordinances and rules of the company mentioned in the opinion of the Supreme Court.

*Francis M. McAdams,* with him *William H. Wilson* and *Joseph P. Rogers,* for appellants.—The ordinances were admissible: Ubelmann v. Ice Co., 209 Pa. 398; Penna. Co. v. James, 81* Pa. 194.

The rules of the company are proper evidence at any time when the violation of one of the rules in any way contribute to the plaintiff's injury: Dougherty v. Philadelphia & Reading R. R. Co., 171 Pa. 457; Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300; Stevens v. Boston Elevated Ry. Co., 184 Mass. 476 (69 N. E. Repr. 338).

*Thomas Leaming,* with him *Bernard J. O'Connell,* for appellee.—The exclusion of an ordinance requiring cars

to stop on the near side of main streets was proper because that relates to a mere condition rather than to a cause of the accident: Phillips v. Ry. Co., 190 Pa. 222; Downey v. Pittsburg Rys. Co., 219 Pa. 592.

OPINION BY MR. CHIEF JUSTICE FELL, July 1, 1910:

This action was to recover for injuries alleged to have been sustained by Isabella Fane, one of the plaintiffs, while riding as a passenger in the defendant's car. The car was running south on Sixth street, and while it was crossing Pine street, one of the horses attached to a fire engine going west on the car track on that street ran into the side of the back platform of the car. When the car was at a point near the north line of Pine street, the fire bell and the shouting of persons on the street were heard by the passengers. The motorman slackened the speed of the car without bringing it to a full stop, and then went on across Pine street. The car, except eighteen inches of the back platform, had cleared the Pine street track when the horses reached the crossing. The questions of fact at the trial were whether the plaintiff had been injured, and whether the motorman had been negligent. The verdict was for the defendant.

The questions raised by the assignments are whether there was error in refusing to admit in evidence two city ordinances and a rule of the company defendant, offered by the plaintiff. The first of these ordinances was that creating a paid fire department. It provides that the engines, carts and trucks of the fire department, when going to a fire, shall have the right of way, on the tracks of passenger railways, and that all vehicles excepting passenger cars shall be turned entirely off the tracks, and that "It shall be the duty of the conductor and driver of any passenger railway car upon the approach of any engine, hose cart, hook and ladder truck or fuel wagon when proceeding to a fire, to immediately stop said railway car until such apparatus of the fire department shall pass." The plain meaning of the ordinance is to give to

the fire apparatus the right of way on railway tracks by requiring the drivers of vehicles to turn off and the drivers of cars to stop them, in order that engines, etc., may pass more conveniently and safely. The ordinance had no application to the case.

The second ordinance offered provides that "It shall be unlawful for any motorman to fail to stop the car under his charge on the near side of all main streets within the built-up portion of the city." The rule of the company is: "When any vehicle of the fire department, ambulance, police patrol, or companies emergency wagon, is running to duty, cars must be stopped until such vehicle has passed. At such times employees must be doubly cautious approaching cross streets to avoid collisions, and at all times when passing fire houses be on the lookout for danger in case of fire alarm." It did not appear from the testimony that anyone had been misled by the failure of the motorman to observe the ordinance, or rule, or that the failure to observe them was the proximate cause of the accident. The instruction to the jury was that it was the duty of the motorman to reduce the speed of his car and bring it under full control on approaching a cross street and to stop if there were indications of danger of any kind, and that if, when the car reached the house line on Pine street, the engine was in sight and approaching or if the ringing of the fire bell indicated that the engine was on Pine street, it was his duty to stop his car and wait until the engine had passed; that he was justified in attempting to cross only in the event that, having investigated, he neither saw nor heard anything that threatened danger. Under this instruction the motorman was held to a standard of care as high as that imposed by the ordinance and the rule and their proof would have been of no avail to the plaintiff.

Where an injury has been caused by the omission of a duty imposed by an ordinance that relates to the act complained of, the failure to comply with the ordinance may be ground for the inference of negligence and it may

be considered with the other facts of the case in determining the defendant's liability. In such a case the ordinance is admissible in evidence, but at most it is merely evidence of negligence: Connor v. Traction Co., 173 Pa. 602; Foote v. American Product Co., 195 Pa. 190; Ubelmann v. American Ice Co., 209 Pa. 398; Riegert v. Thackery, 212 Pa. 86; Shaffer v. Roesch, 215 Pa. 287. In this case the failure to observe the ordinance was not the proximate cause of the plaintiff's injury.

The judgment is affirmed.