# Harvey *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Automobile—Street car diagonally crossing street — Head-on collision — Contributory negligence — Judgment for defendant n. o. v.*

1. In an action against a street railway company to recover for injuries sustained by the driver of an automobile in a collision

with a trolley car where it clearly appeared that, while the trolley car was crossing a street diagonally, plaintiff approached and ran violently into the car; that the motorman in charge had it under full control, and was proceeding cautiously and must have been in plain view of any one approaching, and that if he saw the automobile he would have been justified in assuming that it would stop before reaching the track, or turn so as to avoid a collision, there was no evidence of the defendant's negligence and the case should have been withdrawn from the jury.

2. Where in such case it appeared that at the point of collision there was a street space sixty feet wide on the side of the track on which plaintiff approached, he was guilty of contributory negligence in failing either to stop and let the car pass, or to give it a wide berth by turning to either side.

Argued April 27, 1916. Appeal, No. 25, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1913, No. 600, on verdict for plaintiff in case of Blaney J. Harvey v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing to direct a verdict for the defendant.

*Charles H. Edmunds,* for appellant.—There was no evidence of negligence on the part of the motorman: Latnee v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 362; Moss v. Philadelphia Traction Co., 180 Pa. 389.

There was an imperative legal obligation on the plaintiff to look for an approaching car immediately before crossing the tracks: Crumley v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 599; Speakman v. Phila-

delphia & West Chester Traction Co., 42 Pa. Superior
Ct. 558; Smathers v. Pittsburgh & Butler Street Ry. Co.,
226 Pa. 212; Talley v. Chester Traction Co., 227 Pa. 393;
Spahr v. York R. R. Co., 50 Pa. Superior Ct. 602; Timler
v. Philadelphia Rapid Transit Co., 214 Pa. 475.

*William A. Gray,* for appellee.—Plaintiff was not
bound to wait because a car was in sight: Callahan v.
Philadelphia Traction Co., 184 Pa. 425; Grupp v. Phila-
delphia Rapid Transit Co., 42 Pa. Superior Ct. 271;
Spahr v. York R. R. Co., 50 Pa. Superior Ct. 602.

The question of negligence is for the jury when there
is a conflict of testimony: Davidson v. Schuylkill Trac.
Co., 4 Pa. Superior Ct. 86; Grupp v. Philadelphia Rapid
Transit Co., 42 Pa. Superior Ct. 271.

OPINION BY MR. JUSTICE POTTER, October 2, 1916:

In this action, the plaintiff sought to recover damages
for injuries which he alleged resulted from the negli-
gence of an employee of the defendant company.    The
specific negligence charged was the failure of a motor-
man to exercise proper control in the operation of a
trolley car, in consequence of which, it was averred, there
was a collision between the trolley car and an automobile
which was being driven along the street by the plaintiff.
The accident occurred on the evening of January 17,
1913, shortly after nine o'clock, on Market street, Phila-
delphia, near the west end of the bridge over the Schuyl-
kill river, and at the point where the tracks leading to
the subway diverge from the line of tracks on Market
street.    Plaintiff testified that he was driving west-
wardly over the bridge between the west bound track
and the north line of the roadway.    As he approached
the cross-over switch, he says he met an east bound trol-
ley car, which proceeded along Market street.    A short
distance behind it came another car bound for the sub-
way.    The latter car would cross Market street in a
diagonal direction.    Plaintiff said that when he last

saw this car, it was standing still, at the switch. The fact was clearly established, however, by the testimony, that this car had proceeded about ninety-two feet along the track from the switch, before it reached the point of collision, and during that distance it was moving diagonally across the Market street tracks towards the subway. The effect of this movement would be, to bring the car directly within the line of vision of one looking westwardly along Market street, and to show that it was for the time-being obstructing the line of travel, and must be taken into consideration by those driving along the street. While the street car was thus moving across Market street, towards the subway bridge, plaintiff approached in an automobile, and came into violent collision with the front right hand corner of the car. The automobile was turned by the force of the impact so that it pointed in the same direction as that in which the street car was moving, and, as the latter was stopped almost immediately, the automobile stood with its left side along the right hand side of the street car. The plaintiff was severely injured, and could give but little information as to the details of the collision. The uncontradicted testimony shows, however, that the motorman, in charge of the street car, had it under full control, and was proceeding cautiously; he brought the car almost to a standstill before entering the switch leading to the subway track; and the evidence shows that, as he slowly rounded the curve and began to cross Market street, his car must have been in plain sight to any one approaching, as was plaintiff, upon Market street. As the automobile struck the right hand corner of the car it is evident that it could not have been upon the track in the pathway of the street car until the instant when the collision occurred. The motorman could not therefore have been put upon notice that the automobile was in danger, in time to stop his car before the impact. If he saw it approaching he was justified in presuming that the automobile would stop before reaching the

track, or would turn to the right or left, so as to avoid the trolley car. At the place where the accident occurred, Market street is very wide, and the plot submitted shows that there is a space some sixty feet in width on the north side of the west bound track, where plaintiff was driving. We can find nothing in the testimony to show that the motorman was in any way remiss in the control of his car, under the circumstances. There was no occasion for him to reasonably anticipate a collision, until the instant of its occurrence. No other inference can be fairly have been drawn from the testimony. But, aside from this, even if a basis for any other inference be admitted, it is clear that the plaintiff contributed to the injury. Had he used his eyes, he must have seen the trolley car entering upon the switch and starting across the street in front of him as he approached. Reasonable prudence then required him to stop, and let the car pass, or else give it a wide berth, by turning to the right or the left, which the width of the street gave him ample opportunity to do. There was no occasion for him to drive blindly on, until with great violence he came in contact with the corner of the car. We are, therefore, clear that the trial judge erred in refusing defendant's request for binding instructions in its favor. It is unnecessary to consider other assignments which allege error in the charge to the jury.

The first assignment of error is sustained, the judgment is reversed, and is here entered for the defendant.