## Gillespie *v.* Shafer, Appellant.

*Negligence—Collision between motor car and motorcycle—Improper turning of corner—Ordinance—Contributory negligence—Case for jury.*

It is the duty of one approaching the crossing of a street intersection to have his vehicle under control; and to observe what is, or may be approaching on the other street. And where another vehicle is first at the crossing to give it an opportunity to clear the same, and to use due care to avoid a collision.

In an action to recover damages for personal injuries sustained in a collision between plaintiff's motorcycle and defendant's automobile at the intersection of two streets, the question of the defendant's negligence and plaintiff's contributory negligence is for

the jury where the evidence tends to show that defendant was using the southerly side of a street; that the plaintiff was on the opposite side traveling westwardly at the rate of about fifteen miles per hour; that defendant at a street intersection made a quick turn to go north on a street, cutting across by the shortest angle of the turn at the intersection of the streets, crossing over two street car tracks, and directly across the path of the plaintiff, of whose approach he had an obstructed view for some distance.

In such a case even if plaintiff had seen the defendant's automobile approach he was under no duty to anticipate that the defendant would carelessly, and without warning or notice cross his path directly in front of him. If the plaintiff was observing what was approaching on the intersecting street, it was impossible for him, when so engaged, to notice a vehicle suddenly swerve from its path of safety and cross diagonally in front of his machine.

A person lawfully in the public highway may rely upon the exercise of reasonable care by the drivers of vehicles to avoid injury and the failure to anticipate the omission of such care, does not render him negligent.

Where a person in driving an automobile cuts across by the shortest angle of the turn at the intersection of two streets and runs down and injures a motorcyclist, and an action is brought against such person for the injuries, the court at the trial of such action, commits no error in admitting in evidence a city ordinance requiring that all vehicles in turning corners to the left, before turning, should pass to the right of the intersection of two streets. Such an ordinance is not admissible as substantive and sufficient proof of the negligence of the defendant, but is admissible for the purpose of aiding the jury in their deliberations, as a municipal expression of opinion upon the subject under investigation to be considered with all other evidence in the case.

*Charge—Refusal to answer points.*

Where a trial judge has defined the law of contributory negligence and applied it with the illustrating facts in the general charge although not done as precisely as presented in certain points of the defendant, he cannot be convicted of error if he refuses to affirm points bearing on the same instruction.

Argued Dec. 5, 1917. Appeal, No. 279, Oct. T., 1917, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1917, No. 25, on verdict for plaintiff in case of Linford Gillespie v. David F. Shafer, Before ORLADY, P. J.,

Porter, Henderson, Head, Kephart and Williams, JJ.
Affirmed.

Trespass to recover damages for personal injuries sustained by a collision between plaintiff's motorcycle and defendant's automobile at the intersection of Seventh avenue and Broad street in West Bethlehem.  Before Groman, P. J.

At the trial defendant presented the following points:

Both plaintiff and the defendant were in the lawful occupancy of the public highway; defendant had the same right to deflect from Broad street and drive onto Seventh avenue as the plaintiff had to continue on west on Broad street.  It was plaintiff's duty to have reduced his speed at the time when he saw or could have seen defendant turning into Seventh avenue; it was further plaintiff's duty to have had his motorcycle under such control as to avoid the accident by slowing up his speed or stopping his motorcycle so as to avoid a collision, when it became apparent from the direction towards which defendant was proceeding at or near Seventh avenue, that his purpose was to cross Broad street and drive north on Seventh avenue.  If the plaintiff did not have his motorcycle under such control; or, if the accident occurred by reason of plaintiff's speed being such that he was unable to stop when it appeared that a collision was unavoidable owing to his inability to stop in time, then plaintiff himself was negligent and cannot recover even though the defendant also was negligent.  Answer refused.   (3)

The defendant in making the turn to the left at Seventh avenue, and driving towards Seventh avenue, indicated his intention to go out Seventh avenue, as he had a right to do, and the plaintiff was chargeable with notice of such intention.  The defendant had a right to assume that under such circumstances the plaintiff would have his motorcycle under control and would not run defendant down, but would slow up or drive around de-

fendant, or otherwise try to avoid a collision. Answer refused. (4)

Even if defendant did drive his automobile diagonally across Broad street at Seventh avenue, there is no evidence in this case showing that such driving was the proximate cause of the collision. Answer refused. (5)

The plaintiff had an unobstructed view of the defendant before he started to cross Broad street to go onto Seventh avenue, and it was plaintiff's duty to see whether or not defendant made any turn to go into Seventh avenue or gave any indication of an intention to do so, and he was chargeable with knowledge that defendant was turning into Seventh avenue and would in all likelihood drive across plaintiff's course if defendant continued on out Seventh avenue. Therefore, it was the duty of the plaintiff to drive with reasonable care under the circumstances, slow up his speed and have his motorcycle under control, from the time that defendant indicated by his turning towards Seventh avenue his intention to cross Broad street until any possible chance of collision had passed. Answer refused. (6)

If the jury believe that plaintiff must have seen defendant before the collision and while he was turning into Seventh avenue, and that notwithstanding, he did not reduce his speed or attempt to avoid a collision then plaintiff is not entitled to recover in this action. Answer refused. (7)

Under all the evidence in this case it was plaintiff's duty to drive from Main and Broad streets to place of the accident at a rate of speed not exceeding fifteen miles an hour. Answer refused. (8)

The court charged, inter alia, as follows:

[Now then, the plaintiff here, if he contributed to this accident in any degree, he cannot recover. Was he guilty of contributory negligence or was he not? That is a fact that you will have to determine, the court only calls your attention to the testimony, for instance, he was moving west on Broad street on that portion of the

389, (1918).] Charge of Court below—Arguments.

public highway where he had a right to be and when he approached an intersecting street, then it became his duty to use due and reasonable care under the circumstances. Now then, gentlemen of the jury, in approaching Seventh avenue, did the plaintiff use reasonable care under the circumstances as they then arose or as they presented themselves? If he used due and reasonable care, then of course he would not be guilty of contributory negligence; but if he failed to use due and reasonable care he was guilty of contributory negligence and there could be no recovery. Now the question for you to determine is, did he use the due and reasonable care a man should use operating a motorcycle or a motor car under the circumstances? Could he see the defendant here when he was moving away from his course a short distance to the north, could he foresee that? It is very material for you to take all the testimony and find out the actual circumstances surrounding the accident. If you should reach the conclusion plaintiff's negligence contributed to the act, that ends the case, and it will then be hardly worth while to inquire whether or not the defendant was negligent.] (10)

Verdict and judgment for plaintiff for $315.45. Defendant appealed.

*Errors assigned,* amongst others, were (4, 8-10) above instructions quoting them.

*Harry C. Cope,* for appellant.—The violation of the ordinance was not, nor could it have been, the proximate cause of the injury: Gannon v. Wilson, 1 Sadler 422.

Defendant had the right to act on the presumption that the plaintiff would take ordinary care not to injure him: Brown v. Lynn, 31 Pa. 510; Philadelphia & Trenton R. R. Co. v. Hagen, 47 Pa. 244; Reeves v. Del., Lack. & West. R. R. Co., 30 Pa. 454; Harvey v. Philadelphia Rapid Transit Co., 255 Pa. 220.

*Irvin P. Knipe,* with him *Claude T. Reno* and *A. G. Dewalt,* for appellee, cited: Moses v. Northwestern, Etc., R. R. Co., 258 Pa. 537.

OPINION BY KEPHART, J., March 2, 1918:

Both parties to this appeal were driving motor vehicles on Broad street in West Bethlehem. The appellant was using the southerly side of that street, traveling eastwardly; the appellee was on the opposite side traveling westwardly. The appellant, when at the intersection of Seventh avenue and Broad street, made a quick turn to go north on the avenue, cutting across by the shortest angle of the turn at the intersection of the streets, crossing over two street car tracks and directly across the path of the plaintiff, of whose approach he had an unobstructed view for some distance. The appellant, against whom damages were awarded, urges that the appellee was guilty of contributory negligence in that he did not approach the corner with his car under control, and he could see the appellant's car making the turning movement a sufficient distance away to have enabled him to have stopped his motorcycle. "It is the duty of one approaching the crossing of a street intersection to have his vehicle under control; and to observe what is or may be approaching on the other street. And where another vehicle is first at the crossing to give it an opportunity to clear the same; and to use due care to avoid a collision": McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478-480. The testimony shows that the motorcycle was traveling at a speed of fifteen miles an hour as it approached the crossing. There was a vacant lot on the driver's right, which gave him a clear view of the intersecting street to the north for some distance; on his left he had the greater part of the width of Broad street, sixty feet, and from his position looking south on Seventh avenue, he had a view for some distance. As the situation thus presented itself to the court it could not say, as a matter of law, that the defendant's car was not

under control.   Even if he did see the appellant's auto-
mobile approach, he was under no duty to anticipate
that the defendant would carelessly and without warn-
ing or notice, cross his path directly in front of him.
Had the appellant followed the natural course of travel,
and placed himself in a position where the appellee
should know that he intended to cross the street (that is,
by putting his car in line of such travel), it would have
been the duty of the court, under such circumstance, to
declare the appellee's conduct negligent as a matter of
law.   The court submitted to the jury the questions of
contributory negligence and notice from the appellant's
turning movement.   The appellee states that he only
saw the defendant when he suddenly loomed up in his
path.   He was observing what was approaching
on the intersecting street.   It was not possible, when
thus engaged, to notice a vehicle suddenly swerve from
its path of safety and cross diagonally in front of his
machine.   Under this state of facts, the entire matter
was for the jury.   A person lawfully in the public high-
way may rely upon the exercise of reasonable care by the
drivers of vehicles to avoid injury and the failure to an-
ticipate the omission of such care does not render him
negligent: Lewis v. Wood, 247 Pa. 545.

There was offered in evidence an ordinance requiring
all vehicles in turning corners to the left, before
turning, should pass to the right of the intersection of
the two streets.   The admission of this ordinance is as-
signed as error.   It is urged that it tended to confuse the
jury, and its violation was not the proximate cause of the
injury.   To establish negligence, there must first be
made to appear a duty unperformed; without the viola-
tion of a duty there can be no negligence.   This duty
may be imposed either through the relation of the par-
ties or by statute.   The legislature may impose a duty
distinct from a common law duty and prescribe a stand-
ard of care for that duty.   A municipality cannot, by
ordinance, create a civil duty enforceable at common

law; that power reposes in the legislature: Philadel-
phia & Reading R. R. Co. v. Ervin, 89 Pa. 71.    It seems
to be well settled that the specific duty, "the violation of
which is actionable, may arise from a valid statute
......, as well as from the general principles of
the common law": Fielders v. North Jersey St.
Ry. Co., 53 Atl. 405.    It was the appellant's duty not to
negligently, that is, carelessly, commit or omit to do an
act whereby the appellee was injured.    The standard by
which the performance of this common law duty may be
judged is ordinary care under the circumstances, or the
conduct of a prudent, careful, diligent or skillful man in
relation to the particular duty under consideration.
The legislative authority, by statute or ordinance, may
prescribe a course of conduct or the existence of certain
conditions as being the standard of care by which the
performance of a common law duty may be judged.    The
standard of care prescribed by the legislature may be the
same as that prescribed at common law, as for instance,
an ordinance requiring open ways in a street to be
guarded.    It is, however, the violation of that standard,
whether at common law or fixed by statute or ordinance,
that makes out a case of "actionable negligence," and, as
generally considered in this State, the ordinance or stat-
ute is only helpful as evidence, making less difficult the
proof as to whether the acts complained of are in fact
negligent.    "Ordinances and their violation are admis-
sible, not as substantive and sufficient proof of the negli-
gence of the defendant, but as evidence of municipal ex-
pression of opinion, on a matter as to which the municipal
authorities had acted, that the defendant was negligent,
and are to be taken into consideration with all the other
facts of the case": Ubelmann v. American Ice Co., 209
Pa. 398-400.    There may be such standard prescribed that
its violation will be negligence per se notwithstanding
intermediate causes: Stehle v. Jaeger, Etc., Machine Co.,
225 Pa. 348.    If the violation of the standard prescribed
by ordinance is not the cause or proximate cause of the

injury, the ordinance is not helpful in the determination of the case and should not be received as evidence. The ordinance in question prescribed a course or rule of conduct for persons who might be subject thereto for the purpose of insuring the safety of others using the streets. The municipal authorities having determined that the specific act; namely, running a car by a sharp, turning movement in the face of traffic moving directly against such travel, as well as at right angles with it, was dangerous, decided that the standard of care in making the turning movement should be to the right of the intersection of the two streets, thus placing the car in the natural line of travel where its position served as a notice and warning to intersecting travel that the car was about to cross the street. The driver of a car crossing an intersecting street under any condition is obliged to keep his car under control and observe what is approaching on the street he intersects; or, in other words, what has been held to be due care in driving across intersecting streets. Had the appellant in "cutting the corner" used such care he would not have been confronted with the present difficulty. He not only neglected to do this, but he violated the terms of the ordinance. Obedience to either standard ordinarily would have prevented injury, for when the turning movement as provided by the ordinance was made with the appellant's car in the natural line of travel, the appellee was under the legal duty to anticipate or expect the appellant to cross the street; and if the appellant in crossing used due care, and the appellee approached the crossing at a speed of fifteen miles per hour, when the appellant's car was plainly visible either crossing or about to cross the street, his car would not have been under control and the court would have so determined as a matter of law. As it was, no duty was imposed on the appellee to expect or anticipate the movement made by the appellant out of the line of ordinary travel, hence the speed of the appellee's car could not be held negli-

gent as a matter of law. The injury that followed the violation of the ordinance was what might have been ordinarily expected with traffic moving on these thoroughfares. In other words, obedience to the ordinance would in all probability have avoided the accident. Under the circumstances of the case, it was for the jury to determine whether the violation was the proximate cause. The ordinance, with its violation, was offered, not for the purpose of conclusively establishing negligence (standing alone it could not do this), but for the purpose of aiding the jury in their deliberation as a "municipal expression of opinion upon the subject under investigation to be considered with all other evidence in the case," and, from the very close relation between the test prescribed by ordinance and the act complained of, determine whether the violation of the ordinance was the proximate cause of the injury. "Where an injury has been caused by the omission of a duty imposed by an ordinance that relates to the act complained of, the failure to comply with the ordinance may be ground for the inference of negligence and it may be considered with the other facts of the case in determining the defendant's liability. In such a case the ordinance is admissible in evidence, but at most it is merely evidence of negligence: Connor v. Electric Traction Co., 173 Pa. 602; Foote v. American Product Co., 195 Pa. 190; Ubelmann v. American Ice Co., 209 Pa. 398; Riegert v. Thackery, 212 Pa. 86; Shaffer v. Roesch, 215 Pa. 287": Fane v. Philadelphia Rapid Transit Co., 228 Pa. 471-474. The mere fact of the violation of the ordinance is not sufficient to establish negligence: Ubelmann v. American Ice Co., 209 Pa. 398; Foote v. American Product Co., 195 Pa. 190.

The ordinary and lawful travel on thoroughfares is to the right and at intersecting streets in cities and boroughs it is to the right of the center of the intersection. The ordinance fixed the same standard of care as that at common law, and so considered, its admission as evi-

dence was proper. An ordinance adopted the same standard of care as that required in the performance of a common law duty is properly admitted as evidence: Philadelphia & Reading R. R. Co. v. Ervin, supra; Mc-Nerney v. Reading City, 150 Pa. 611-615.

Some of the assignments of error are not in the form prescribed by our rules and will not be considered.

The court did not err in refusing to affirm the points presented by the appellant and in its charge of the court here specified for error. The salient feature which justified the refusal of the points is their lack of specific averment of facts necessary for a proper affirmance. The gist of the charge of negligent conduct consisted in the fact that the appellee saw the appellant start his turning movement a sufficient distance away to have prevented injury. The court stated to the jury that if the appellee "could see the defendant here when he was moving away from his course a short distance to the north" that he would be chargeable with contributory negligence, or if he could see the signal of the defendant that he was about to cross the street. The court having defined the law of contributory negligence and applied it with the illustrating facts in its general charge, though not done as precisely as presented in the defendant's points, cannot be convicted of error if it refuses to affirm points bearing on the same instruction.

No substantial harm was done by denying to the appellant the right to have the questions answered which are here assigned for error. Considering all of the testimony and the issue involved, the charge of the court was not prejudicial to the defendant. Harvey v. Philadelphia Rapid Transit Co., 255 Pa. 220, cited by the appellant, does not control this case. In that case, the driver of the automobile could see the street car approaching ninety feet away on the cross-over to run through the subway. In the case before us, the cross-over was a sharp, oblique turn, and, as found by the jury, the appellee had no notice that it was intended to be so made.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.