Assignment of Error—Opinion of the Court. [77 Pa. Superior Ct.

And now, May 26, 1920, motion for new trial and rule for judgment for the plaintiff n. o. v. are refused, and judgment is hereby directed to be entered for the defendant on the verdict.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment non obstante veredicto.

*Harvey A. Miller,* of *Miller & Nesbit,* for appellant.

*William R. Scott,* and with him *Gordon & Smith,* for appellee.

OPINION BY ORLADY, P. J., July 14, 1921:

The question involved, as submitted by the appellant is as follows:

"Was there a disputed question of fact under the pleadings and evidence requiring this case to be submitted to the jury."

The trial judge directed the jury that there was no fact in dispute for them to determine, and that the defendant was entitled to a verdict. On a motion for a new trial, and for judgment non obstante veredicto, the court in banc in an opinion filed refused the motions and directed judgment to be entered on the verdict.

This opinion disposes of every question raised by the assignment, and for the reasons therein given the judgment is affirmed.

---

## Hanley et ux. *v.* Bakey, Appellant.

*Negligence — Automobiles — Trolley cars — Automobile passing trolley car discharging passengers—Injury to passenger alighting —Contributory negligence—Case for jury.*

In an action to recover damages for injuries sustained by a passenger alighting from a trolley car, who was struck by defend-

ant's automobile, the case is for the jury and a verdict for plaintiff will be sustained.

In such case, the negligence of the defendant and the contributory negligence of the plaintiff raised a question of fact to be submitted to the jury.

When a motor vehicle meets or overtakes a street railway passenger car, which has stopped for the purpose of taking on or discharging passengers, it is the imperative duty of the motor vehicle to stop, and so remain until passengers are given a fair opportunity to pass from the car to the curb. The passenger, being lawfully on the public highway, is justified in relying on the exercise of reasonable care by the driver of the automobile to avoid injury, and a failure to anticipate this flagrant disregard of a statutory duty, does not constitute contributory negligence

Argued April 28, 1921. Appeal, No. 3, April T., 1921, by defendant, from judgment of C. P. Allegheny County, April T., 1920, No. 1464, refusing an appeal from the county court in the case of John E. Hanley, in his own right, and Margaret Hanley, in her own right, v. Andrew J. Bakey. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for the allowance of an appeal from the county court. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the order of the court.

*John F. Gloeckner,* for appellant.

*John T. Duff, Jr.,* for appellee.

OPINION BY ORLADY, P. J., July 14, 1921:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County refusing to allow an appeal from the county court in a case where the

plaintiff recovered a verdict of three hundred dollars
for personal injuries sustained by Margaret Hanley,
one of the plaintiffs, as she alighted from a street passen-
ger car.

The facts established by the testimony that are not in
dispute are as follows: She was a passenger on a Bloom-
field street car, and when it stopped at Halket and
Forbes streets, which was her destination, she notified
the conductor and he opened the front door for her exit;
as she stepped off the car, intending to go to the side-
walk, while she was not more than a foot or a foot and
a half from the car, she was struck by the defendant's
automobile which was coming in the same direction as
the car, knocked down and suffered serious injuries, re-
sulting in her confinement to bed for a number of weeks.

The distance between the car and the curb was about
wide enough for an automobile to pass in safety.

The contention of the defendant is, that judgment
should be entered on the record in his favor for the rea-
son that the testimony showed that Mrs. Hanley was
guilty of contributory negligence, in that when she
stepped from the body of the car into the street she did
not look in the direction from which the defendant's
vehicle came, and this negligence on her part contributed
directly to the injury complained of.

It is certainly exceptional that a defendant who de-
fiantly exhibits such a reckless disregard of human life,
as to pass a standing street car when it is discharging
passengers, with his automobile, should urge that the
passenger alighting from the car should be required to
stop and look for one who is clearly acting in violation
of the law.   It however raised a question of fact which
was properly referred to and disposed of by the jury.

It was held in Lewis v. Wood, 247 Pa. 545, that "aside
from the act of assembly it was a reckless, negligent act
of the defendant in driving his machine at such speed
and so close to the street car when passengers were
alighting and would necessarily proceed to cross the

street to the sidewalk. It was not only a disregard of plain duty that he owed to the passengers alighting from the street car, but a violation of the positive command of a statute which commanded him not to pass a street car while it was at rest."

This common sense rule was followed in Gillespie v. Shafer, 69 Pa. Superior Ct. 389, and in many other cases. The Act of June 7, 1913, P. L. 672, provides as follows: Section 14: "No person shall operate a motor vehicle on the public highways in this State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property or the life or limb of any person. When a motor vehicle meets or overtakes a street passenger car which has stopped for the purpose of taking on or discharging passengers, the motor vehicle shall not pass said car on the side on which passengers get on or off until the car has started, and any passengers who have alighted shall have gotten safely to the side of the road."

Under this act it was the imperative duty of the defendant to bring his automobile to a stop, and so remain until passengers were given a fair opportunity of passing from the car to the curb, and the passenger being lawfully on the public highway was justified in relying on the exercise of reasonable care by the defendant to avoid injury to her, and a failure to anticipate this flagrant disregard of a statutory duty on his part did not render her negligent.

The appeal from the judgment of the county court, was without merit, and was rightfully refused by the Court of Common Pleas of Allegheny County.

The judgment is affirmed.